By the Court.

The question before us is whether, in an action for an escape of a debtor committed on original process, and not on execution, through the insufficiency of the jail, the jury have no discretion, but are bound by law to find for the plaintiff his whole debt, although the debtor may in fact be insolvent and worth nothing.
It has been long settled that the jury are not obliged to find for the plaintiff his whole debt, when the debtor committed upon original process escapes through the negligence of the jailer; but it has been contended that the law is otherwise where the escape happens from the insufficiency of the jail.
The sheriff, by our statute, has the custody of the jail, and of all the prisoners in it; and if a debtor in prison on original process escapes, the sheriff is answerable to the creditor in an action on the case, who shall recover according to the damages he has sustained. This is the common-law remedy.
By the provincial statute of 32 Will. 3, c. 5, sect. 5, it is enacted that, when a prisoner for debt shall escape through the insufficiency of the jail, the county shall make good to the creditor such debt as the prisoner escaping justly owed him, and * shall have their remedy against the prisoner. By the [ * 528 ] practical construction of this statute, this section was confined to such debts as the creditor was, by reason of the escape, entitled to recover —it not being supposed that the legislature intended to improve the creditor’s remedy as at common law, but, instead of the sheriff, who has the custody of the jail, to substitute the county, against whom he should recover his debt or damages, they being by law obliged to build and keep in repair a sufficient jail.
The practice under the fourth section of that act was also similar. By this last section, when a prisoner for debt committed a negligent escape, the prison-keeper was made answerable, according to the letter of the act, for the whole debt, whether the debtor escaping was committed on original process or on execution. But the construction of the section confined it to escapes from imprisonment on *474 execution, and considered it as merely in affirmance of the common law. As this section did not extend to voluntary escapes, if this construction had not been adopted, a voluntary escape of a debtor on original process would have been less penal than a negligent escape: for in the former case, the remedy being at common law, the creditor must have recovered according to his damages; while in the latter case he would have recovered his whole debt.
Wilde and Rice for the plaintiff.
J. Bridge for the defendant.
Probably, the inconvenient manner in which these sections were draughted occasioned a total change in the phraseology of the statute of February 21, 1785, in which the former statute was revised. By this last statute it is only provided that, when a prisoner for debt shall escape, through negligence or the insufficiency of the jail, the sheriff shall stand chargeable to the creditor, leaving the nature of the remedy, and the measure of damages, as they were at common law. And a new provision is introduced, where the escape shall happen through the insufficiency of the jail: the sheriff is immediately answerable to the creditor, and he has his remedy over against the county.
We are therefore of opinion that, in an action on the case for an escape of a debtor committed on original process, and not on execution, through the insufficiency of the jail, the dis- ' [ *529 ] cretion * which the jury has, at common law, to assess for the plaintiff the damages which he has in fact sustained, and not to find for him his whole debt, is not limited by any statute. And as the manner in which this discretion has been exercised in this case is not complained of, a new trial is not granted. (a)

Judgment according to verdict.

 Colley vs. Sampson, 5 Mass. Rep. 310. —Porter vs. Sayward, 7 Mass. Rep. 377 Burrows vs. Lowder & Al. 8 Mass. Rep. 373.