Parsons, C. J.
The defendants move in arrest of judgment for several causes,
1. Because the writ is not endorsed by the plaintiffs’ agent or at torney. — The writ is endorsed, “ Seth Briggs,” without adding the capacity in which he acted; but he would be estopped [ * 98 ] from denying that he * endorsed as the plaintiffs’ agent. Besides, if there was no endorsement, it would be no cause of arresting the judgment. The endorsement is a security for the defendants’ benefit, which he may waive; and unless he make his exception at the first term, he is considered as waiving it (1).
2. Because it does not appear that there is any existing corpora tian, having the corporate name in the writ. — The defendants, who were sued, have pleaded to the action by the corporate name they claim; and this objection amounts to an allegation of misnomer, which should have been pleaded in abatement (a).
*73 3. Because there appears o be no legal consideration for the promise declared on. — The declaration alleges the promise to be made by the defendants to John Crane or bearer, and that the plaintiffs. held the note for a valuable consideration; and this is sufficient.
4. Because it appears, from the service of the writ, that the defendants were not holden to answer. — They have in fact answered, and therefore cannot, for any irregularity in the service, move in arrest of judgment (a). But the service appears to be regular. The sheriff summoned the corporation, by leaving an attested copy of the writ with J. C., one of the principal members. This was done on the 9th of May, and the writ was returnable on the first Tuesday of July following.
Lastly. Because the venue 'is laid in the county of Nantucket, and not in the county of Suffolk. — This is no cause to arrest the judgment, being a defect of form only; and the defendants, to have the benefit of it, must have shown it for cause on demurrer, to the declaration. See the case of Briggs vs. the present defend ants, ante.
The judgment cannot be arrested.

 Whiting vs. Hollister, ante, Vol. 2.102. [Livermore vs. Boswell, 4 Mass. 437.— Ripley vs. Warren, 2 Pick. 592.]

 Commonwealth vs. Dedham, 16 Mass. 141.

 Colby vs. Dillingham, 7 Mass. 475. — Gage vs. Graffam, 11 Mass. 181.