The opinion of the Court was afterwards delivered by
Parsons, C. J.
From the facts before us in this case, we are tc decide whether the defendant was guilty of a misfeasance in his office, for which he is liable in this action.
The execution was properly directed to the coroner, as the judgment debtor was a deputy of the sheriff (a). For by the statute of 1783, c. 43., executions are to be directed to the sheriff or his deputy, unless a party, and then the direction is to be to the coroner. The coroner has no gaol, and can commit only to the county gaol, of which, by law, the sheriff is the keeper. On this account, executions against sheriffs are against their estates, [*312] *but not against their bodies, because they cannot be committed. When, therefore, a coroner has arrested on execution, he, like a constable, can only carry the prisoner to the gaol, and offer to deliver him with a copy of the precept. If the sheriff refuse to receive and safely keep him, or if the sheriff is not there, nor any keeper appointed by him, to receive and confine the prisoner, the coroner has done his duty; and if afterwards the prisoner go at large, it is the escape of the sheriff.
In the present case, the sheriff was not at the gaol, nor any deputy, to receive and confine Minott. For Minott being the only gaol-keeper, he could not receive and confine himself. Minott must be considered as escaping, but the escape was committed by the sheriff; because he had no person there to receive and confine the prisoner; upon the same principle that if a sheriff make a prisoner of the gaol-keeper, and give him the keys, it is the escape of the sheriff. For the prisoner, by being the keeper and having the keys, is no longer imprisoned or restrained of his liberty. And every liberty given to a prisoner, not authorized by law, is an escape. Upon this state of facts, the coroner is guilty of no misfeasance, but the sheriff is answerable for the escape (b).

Plaintiff nonsuit.

Note. The Chief Justice observed, after the opinion was delivered, that as the action was case, and not debt for an escape, the *241 Court were not obliged to give the whole debt as damages, but might assess such sum as should be adjudged reasonable, under all the circumstances of the case (a)

 Sed vide Gage vs. Graffam, 11 Mass. 183 — 184.

 Gage vs. Graffam, 11 Mass. 183.

 Burrill vs. Lithgow, 2 Mass. 526. — Brooks vs. Hoyt, 6 Pick. 458.