## JONATHAN GAGE *versus* CALEB GRAFFAM.

Processes served by a deputy sheriff, where another deputy of the same sheriff is a party, are not for that cause void. On motion or plea the proceedings will be set aside; but if the defendant appears and answers, it is not error.

A deputy sheriff may lawfully serve a writ upon a deputy jail-keeper under the same sheriff.

To this action of the case upon promises, the defendant pleads, in abatement of the writ, that, at the time of the supposed service thereof, he was a deputy of *Joseph E. Foxcroft*, Esq., then sheriff of the county of *Cumberland*, duly constituted and appointed by virtue of a commission from the said *Foxcroft*, under his hand and seal; which he recites at length, with a certificate of his having taken and subscribed the oaths and declaration required to qualify himself for the exercise of the office to which he was thus appointed. The office mentioned in the said commission was that of *deputy jailer or under keeper of the jail in the county of* [ *182 ] *Cumberland*. The plea then avers that the writ ought by law to have been served by a coroner, the damages alleged being above 70 dollars; and that it was in fact served by *Thomas Bailey*, a deputy of the same sheriff; and he sets forth the said *Bailey's* return. Wherefore he prays judgment of the said writ, that the same may be abated, and for his costs.

170

To this plea, originally made at the Court of Common Pleas, the plaintiff demurred generally, and the defendant joined in demurrer.

The cause was argued upon the demurrer, at the last May term, by *Whitman* for the plaintiff, and by *Sewall* for the defendant; and at this term the opinion of the Court was delivered by

SEWALL, C. J. The defendant pleads, in abatement to this writ, a defective service, or rather a want of service, because, as he alleges, the return thereof is by a deputy sheriff, the deputy of *Joseph E. Foxcroft*, Esq., late sheriff of this county, when the defendant was at the time, as he avers, a deputy also of the same sheriff, by virtue of a commission which is set forth *in hæc verba* in the plea.

The plaintiff having demurred, it must be taken as confessed that the defendant was a deputy of *J. E. Foxcroft*, sheriff, according to the tenor and purport of that commission; and then the only question to be determined is, whether he was a deputy of that sort and character which is within the general rule of law, that ministerial officers are incapable of acting officially where, by certain relations to either party, an undue partiality or interest may be apprehended.

This rule applies particularly in the case of a sheriff and his under sheriff and deputies.

Processes are not, indeed, rendered void or defective in themselves when the service happens to be by an officer standing in this relation to one of the parties. The service, in such case, is not proved by the return. If it is questioned, upon motion to the Court, or by a plea praying judgment whether the defendant shall be holden to answer, the proceedings * will be set aside, or [ * 183 ] the defendant may be discharged. (1) But if the defendant appears and answers, it is not error in the proceedings that a service of process has been by an officer related to one of the parties. Coroners are the regular substitutes for the sheriff and his deputies in serving writs. (2)

The statute on this subject (3) provides for the service by coroners of all writs and precepts, when the sheriff, or either of his deputies, shall be a party to the same. Now, unless the case at bar is within this provision of the statute, the objection made to the service of this writ is not to prevail; for a service by a coroner, in a case where the coroner is not authorized by the statute, would be liable to the same objection, of a service not proved by the return

(1) 2 *Wils.* 117.   (2) *Cro. Car.* 416. — 1 *Black. Rep.* 506.
  (3) *Stat.* 1783, c. 43, § 1.

of an officer authorized in that case. And, upon consideration, we are of the opinion that the relation of deputy in this case is not within the provisions of the statute.

The defendant, according to the commission to him, was a deputy jailer. Mr. *Foxcroft,* while sheriff, was, *ex officio,* keeper of the commonwealth's jail in the county of *Cumberland;* and this office, or appendage to his office of sheriff, he was authorized to execute by a deputy keeper. According to the provisions of the statute, defining the general powers and duties, and regulating the office, of sheriffs, (4) the sheriff of each county is to have the custody, rule, and charge, of the jail or jails therein, &c., and to keep the same himself, or by his deputy, for whom he shall be answerable.

No deputy of the sheriff, as sheriff, is by such commission a keeper of the jail. A deputy of the sheriff, in his capacity of keeper of the jail, is not in any sense a deputy sheriff. The offices seem to be distinct in their nature ; and there is no cause for blending them, to let in an objection of this sort. The deputy keeper of the jail is not in such relation to the sheriff or his deputies, those who are authorized to serve writs, and perform other ministerial duties belonging to the office of sheriff, as to be at all within the reason of the rule of the common law.

[ * 184 ]       * Officers are not to serve writs upon themselves. The sheriff and his deputies in the office of sheriff, intrusted to serve writs, constitute, in legal analogies, one office and one officer ; but the deputy keeper of the jail is not in the same relation to the office of sheriff. When the under keeper is himself arrested and committed to prison, his employment is thereby determined ; and if the sheriff should afterwards continue him as keeper, this indulgence would be an escape, for which the sheriff would be answerable.

A like distinction with that insisted upon in this decision seems to be recognized in the case of *Colby* vs. *Dillingham & Al.* ; (5) and in the case of *Colby* vs. *Sampson,* (6) also determined in this Court, we have an authority which justifies this decision upon the grounds of it now assigned. In the latter case, indeed, the party arrested upon the execution of the plaintiff was a deputy sheriff as well as a deputy jailer ; and therefore the service was by a coroner. But the coroner was considered as having performed his duty in committing his prisoner at the county jail ; and the sheriff, as keeper of the jail, was considered as chargeable for an escape, because the office of under keeper was by such commitment determined.

(4) *Stat.* 1783, c. 44.        (5) *7 Mass. Rep.* 475.        (6) *5 Mass. Rep.* 310
172

The interlocutory judgment now to be entered is, that the plea of the defendant is bad, and that he answer over to the plaintiff's writ. (*a*)

(*a*) *Gilbert & Al.* vs. *Nantucket Bank*, 5 *Mass. Rep.* 97. — *Brewer* vs. *Inhab. of New Gloucester*, 14 *Mass. Rep.* 216. — *Ripley* vs. *Warren*, 2 *Pick.* 592. — *Mechanics' Bank* vs. *Cook*, 4 *Pick.* 405.