Wilde J.
delivered the opinion of the Court. This was an action of covenant to recover the arrears of a rent-charge *67 which the plaintiffs claim as the trustees of a charity. To show that they were duly appointed trustees, they offered to prove to the court, by the testimony of James Savage esquire, one of the plaintiffs, the destruction of their book of records by fire ; and also to prove by the same witness the contents of the records, so far as to show that the plaintiffs had been legally appointed trustees of the charity. The admission of this evidence was objected to by the defendants’counsel, and was rejected by the Court-; whereupon a nonsuit was ordered.
There can be no doubt that a party may be a competent witness to prove the loss or destruction of a deed or record, for the purpose of letting in secondary evidence. This is the established rule of evidence in England, and has been recently recognised by this Court in the case of Taunton Bank v. Richardson et al. 5 Pick. 436, [2nd ed. 442, note 1.] But the contents of a deed or record cannot be proved by the affidavit of a party. On this point therefore the testimony of Savage was clearly inadmissible, and as no other evidence was offered to establish the plaintiffs’ title, the nonsuit we think was «properly ordered.
It has been argued that the witness was rendered competent by the resignation of his trust, which was suggested before the trial. But notwithstanding his resignation he was still a party of record and was liable for costs. He was therefore directly interested in the event of the suit, and so was not a competent witness.[1]
But if the nonsuit could be taken off, and the contents of the record could be proved by competent evidence, still the action could not proceed in the name of Savage, for by resigning his trust he has defeated his title ; and it is a well established principle that the disability of one of several plaintiffs is equally fatal to the action as the disability of the whole.[2] Bac. Abr. Abatement, L. Thus the outlawry of one of two plaintiffs is a good plea to both. Com. Dig. Abatement, E 2. So the excommunication of one of several plaintiffs is a plea to all. Ibid. El. Or if one of the plaintiffs takes husband, the writ shall *68 abate as to all. Ibid. H 42.[3] And if an action is brought by husband and wife, and they are divorced pending the writ, it may be pleaded in abatement. Ibid H 43. So it is a good plea that the plaintiff, who sues as executor, took administration pending the writ. Ibid. H 45.
It is clear then, we think, that the defendants might have pleaded the resignation of the trust by Savage in abatement But a plea was not necessary after the fact was suggested by the plaintiffs. The rule as laid down by Comyns is, that when the plaintiff falsifies his writ by his own confession, or by his own showing, it abates without plea. Com. Dig. Abatement, L 1 ; or if the writ appears to the court to be false by the record, the court ex officio, at the request of the defendant as amicus curiae, shall abate the writ. Ibid. L 3.
The defendants, it is true, may waive this exception ; but as the trial terminated in a nonsuit, and as a nonsuit was ordered on sufficient grounds, nothing that occurred at the trial can be considered as a waiver. For if the nonsuit were taken off, the- defendants would be restored to all their legal rights before the trial. The cases of Livermore v. Boswell, 4 Mass. R. 437, and Gilbert v. Nantucket Bank, 5 Mass. R. 97, are therefore not applicable. Besides, a perpetual disability of one of the plaintiffs may be pleaded either in bar or abatement Langdon et al. v. Potter, 11 Mass. R. 313. [Rand’s ed. 316, note (a).] So that on no ground can the present action be supported.

Judgment of C. C. P. affirmed.

 See Sawyer v. Merrill, 10 Pick. 16; Frear v. Evartson, 20 Johns. R. 142.

 See Revised Stat. c. 93, § 12; Boynton v. Rees, 9 Pick. 528; Haven v Brown, 7 Greenl. 421; Sumner v. Tileston, 4 Pick. 308.

 See Oxnard v. Proprietors, &c. 10 Mass. R. 179; Campbell v. Kathane, Brayt, 21.