# FULLERTON vs. HARRIS.

The action of debt lies in this State for the escape of a debtor in execution; and the plaintiff will be entitled to recover the whole amount of his debt and costs.

Where a blank bond for the liberty of the prison was signed by the debtor and his sureties, and the approval of two Justices of the *quorum* was certified thereon; and all the blanks were afterwards filled up by a third person, by verbal authority from the obligors; it was held that this was a good bond against them; and that the approval, however irregular, was sufficient to justify the gaoler in enlarging the prisoner.

In an action against the gaoler for the escape of an execution-debtor, after taking such a bond, it was held that the testimony of the approving magistrates was not admissable to show that the sureties were not sufficient, or that the bond was not regularly approved.

Whether debt for the escape of an execution debtor lies agaist one exercising the office of gaoler *de facto*, but not *de jure*,—*quære*.

THIS was an action of debt, against the keeper of the gaol in *Cumberland*, for the escape of *Stephen Lee*, jun. an execution debtor. The defendant pleaded first, the general issue, which was joined: Secondly, that *Lee* was enlarged by giving bond as the law directs for the liberty of the yard; which plea was traversed, and issue joined on the traverse.

The bond, alluded to in the second plea, was dated *April* 25, 1829, signed by the debtor, with two sureties, and approved on the same day by *Peter O. Alden* and *Jonathan Page*, Esquires, two

50

Justices of the peace, *quorum unus*. It was annexed to the deposition of a witness, who testified that in *June*, 1829, he then acting in behalf of the plaintiff's attorney, the bond was produced and delivered to him by the defendant, then acting gaoler; who admitted that when he first saw the bond it was a blank as to the names of the parties, the penal sum, the description of the execution, and the written parts over the signatures, seals, and attestation of the witnesses; and that it was filled up by himself, or by some other person by his direction, under verbal authority communicated by the bearer of the bond.

The defendant offered in evidence the certificate of the Secretary of State, that *Joseph E. Foxcroft*, Esq. was appointed Sheriff of *Cumberland*, *Feb.* 15, 1825; that *Noah Hinkley*, Esq. was appointed *March* 30, 1830; and that there was no intervening appointment. This was opposed, as incompetent evidence, but was admitted by *Weston J.* before whom the cause was tried.

The plaintiff then read the deposition of Justice *Alden*, who testified that he supposed the amount of the execution to be only fifty or sixty dollars; that if it had been six hundred and fifty dollars, he should not have approved the bond; but that had the bond been in its present state, (the debt and costs being about half that sum,) he should have approved one of the sureties, who was able to pay seventy five *per cent.* on five hundred dollars and upwards; that the other surety was worth but little, and the debtor nothing. He also read the deposition of Justice *Page*, who thought he was told that the amount of the bond was not to be so much. These depositions were objected to by the defendant, but the objection was overruled.

The counsel for the defendant insisted, first, that the enlargement of the prisoner was justified from the evidence; secondly, that case, and not debt, was the proper remedy; and thirdly, that the plaintiff had assented to the transactions, by accepting the bond. It was admitted that *Lee* took the poor debtor's oath *January* 4, 1830.

The jury, by consent of parties, were instructed to return a verdict for the plaintiff; and particularly to inquire whether the blanks

in the bond were filled by the consent and authority of the principal and sureties ; and they found that they were ; also, whether the sureties were sufficient ; and they found that they were not. And the verdict was taken subject to the opinion of the Court ; it being agreed that if they should be of opinion, from the evidence, that the action was not sustained by competent proof, or that the defence was so sustained, the verdict should be set aside and a general verdict entered for the defendant.

*Allen* and *Greenleaf* argued for the defendant, in support of the points made at the trial, citing, to the admissibility of the certificate, 1 *Stark. Ev.* 172, 173 ; *Kinnersley v. Orpe, Doug.* 57 ; to the legality of the execution of the bond, *Smith v. Crooker,* 5 *Mass.* 538 ; *Hale v. Rust,* 1 *Greenl.* 334 ; *Hunt v. Adams,* 6 *Mass.* 519 ;—to the point that the gaoler, not being in office at the time of the escape, was guilty of a breach of personal trust, merely, and not of official duty, *Maxwell v. Pike,* 2 *Greenl.* 8 ;—and that the irregularity complained of was waived by the plaintiff's acceptance of the bond, *Bartlett v. Willis & al.* 3 *Mass.* 86.

*Sprague* and *Robinson,* for the plaintiff, contended that the enlargement was illegal. The bond was never approved by the magistrates. They approved a bond for fifty or sixty dollars ; but this was fraudulently filled with upwards of six hundred. As to the character of the defendant, the Court must presume every thing against him. He has assumed to act in the character of gaoler, receiving the perquisites of the office ; and is now precluded from denying his official character. *Riddle v. Prop'rs. of locks, &c.* 7 *Mass.* 169. To do this, he must be permitted to allege that he was guilty of false imprisonment, of obtaining money by false pretences, and of usurping an office, which last is rendered criminal by statute.

The position that the bond was accepted, is not supported by the evidence. Nor had the agent any authority to that extent. But if he had, yet being subsequent, it would not purge a prior escape Nor was it a valid instrument, having been materially altered.

*Smith v. Crocker,* 5 *Mass.* 538 ; *Hunt v. Adams,* 6 *Mass.* 519 ; *Hatch v. Hatch.* 9 *Mass.* 307 ; *Creole v. Long,* 4 *Cranch,* 60.

MELLEN C. J. delivered the opinion of the Court.

This case presents several questions for consideration, viz :

1st. Is an action of debt a proper action to be brought against a sheriff or his deputy, or prison keeper for a voluntary escape of a prisoner committed on execution for debt?

2d. If it is, can the plaintiff recover the full amount of the execution, or only such damages as a jury may estimate under all the circumstances of the case?

3d. Was the bond, in virtue of which *Lee,* tho debtor, was liberated from prison, duly executed by the obligors, so as to be their deed?

4th. If so, was it approved by two Justices of the peace, in such a manner as to become a proper ground on which *Harris,* the defendant, could lawfully proceed to act in the liberation of *Lee* from confinement.?

5th. Was *Harris* the lawful under-keeper of the prison when *Lee* was committed and till he was liberated, so as to have a right to detain him ; or, in other words, was *Harris* answerable to any one for permitting *Lee* to go at large, if the bond was not so executed and approved, as to constitute a legal defence?

6th. Was the evidence, which was objected to by the counsel for the defendant, properly admitted?

As to the first and second questions above stated, we apprehend there is no room for legal doubt. The statute of *Westm.* 2, expressly gives an action of debt ; and it seems to be familiar law that a creditor may elect to bring debt or case as he shall think proper. And it seems also to be well settled, that when he brings debt, he is entitled to recover the full amount of his debt and costs ; that is, the amount due on the execution. In support of the principles thus stated, we will merely cite the following cases. *Bonafous v. Walker,* 2 *T. R.* 126 ; *Planck v. Andrews,* 5 *T. R.* 37 ; *Burrell v. Lithgow,* 2 *Mass.* 526 ; *Colby v. Sampson,* 5 *Mass.* 310 ; *Porter v.*

*Sayward,* 7 *Mass.* 377 ; *Burroughs v. Lowder,* 8 *Mass.* 373 ; *Rawson v. Dole,* 2 *Johns.* 454 ; *Speake v. United States,* 9 *Cranch,* 28 ; *Wooly & al. v. Constant,* 4 *Johns.* 55. There seems to be, at the present day, little or no reason for the above mentioned distinction between an action of the case and an action of debt for an escape on execution, whether voluntary or negligent, as to the amount to be recovered ; but the court can only declare what the law is. It is the province of the legislature to abolish the foregoing distinction, should that measure be deemed expedient. It would seem adaped to promote the ends of justice, if a creditor, in all cases of escape of a debtor, committed on execution, should be required to seek his remedy by a special action on the case, and in no other mode whatever.

With respect also to the third question, we perceive no room for doubt or hesitation, inasmuch as the jury have distinctly found, that though at the time the bond was signed by *Lee* and his sureties, the several blanks, mentioned in the report, existed and remained until it was presented to *Harris,* as a preliminary to the liberation of *Lee,* yet that they were all filled up by the consent and authority of the principal and sureties ; which was prior to the delivery of the bond to *Harris.* *Markham v. Goraston, Moor,* 547 ; *Zouch v. Clay,* 1 *Ventr.* 185 ; *Paget v. Paget,* 2 *Ch. R.* 187 ; *Smith v. Crocker,* 5 *Mass.* 538 ; *Hunt v. Adams,* 6 *Mass.* 519 ; *Hale v. Rust,* 1 *Greenl.* 334. According to these cases, a bond executed and completed in the manner mentioned in the report of the Judge, is as binding an instrument as if it had been executed in the usual manner, and made perfect in all respects before signature.

The next inquiry is whether the bond was duly approved by two Justices of the peace, *quorum unus,* as prescribed in the fourth section of the act of 1822, *chap.* 209, or by the creditor ? If it was, the above section says " the gaol keeper shall release him (the debtor) from close confinement, without requiring any other condition in such bond." No responsibility is thrown upon the gaol keeper, as to the sufficiency of the sureties. The Justices or the creditor must judge of that. The gaol keeper is to be governed by their

certificate, and he is not bound to inquire into their motives in making the certificate, or into the facts on which their certificate was predicated. It is true that, in the present case, the certificate of approbation was indorsed after the bond was signed, but before the above mentioned blanks in the bond were filled, when no penal sum was inserted, nor the amount of the judgment; but it does not appear that the defendant knew of any misapprehensions of the Justices in regard to its amount, even if their errors or carelessness could affect him. He must be considered as acting under the natural conclusion that they acted understandingly in the discharge of the duty by law assigned them, and in making the certificate of their judgment in the premises; for the names of the sureties, at least, were signed before the certificate of approbation was indorsed. The obligors must be considered as understanding that all blanks were to be filled before delivery to the gaol keeper; and the same presumption applies as to the understanding with which the Justices made their certificate. No doubt the above course of proceeding in relation to the execution and approval was a very careless and improper one; subjecting all concerned to inconveniences and perhaps dangerous consequences; but, we repeat, the gaol keeper is not answerable for this looseness of proceeding on the part of the approving Justices, in signing their approbation, without ascertaining the sum due on the execution. Viewing all the facts in regard to the approval of the sureties by the Justices, we are of opinion that the gaol keeper was fully justified in releasing *Lee* from his confinement upon the strength of it. Why would he not have been liable in damages to *Lee* for false imprisonment, had he not restored *Lee* to his liberty? In the examination of this fourth question, we have, by anticipation, decided the merits of the sixth objection; that is, that the explanatory depositions of *Alden* and *Page* were not by law admissible. Having made their certificate and permitted the debtor to carry it to the defendant, where the blanks in the bond were filled in the manner before mentioned, they had given to him that protection which was intended by that provision of our statute which requires the approbation of two Justices of the peace as to

Fullerton *v.* Harris.

the sufficiency of sureties. The defendant, confiding in the legal protection thus given, released the prisoner. For these reasons the Justices could not be allowed to contradict or explain away their own certificate, disprove the facts certified, and thus expose an innocent officer to a severe penalty, because he reposed confidence in their official sanction. Applying legal principles to the facts which we have thus been examining, the result is, that the action is not maintainable. It is therefore unnecessary for us to express any opinion as to the fifth question, or the incidental one connected with it ; and as it is unnecessary, it may be advisable for us to be silent in respect to it, as questions between other parties may call for a decision of it.

*Verdict set aside, and a general verdict entered for the defendant.*

*Note.* The remedy by action of debt for an escape is now abolished, by a statute passed *Jan.* 21, 1834.