MARY TRUESDELL and another, Administrators *vs.* JACOB THOMPSON.

A. made a note payable to B. or bearer, in three years, at P. T.'s dwelling-house in M., "said note to be kept in the hands of P. T.:" The note came into the possession of P. T.'s administrators, who demanded payment thereof, after it became payable, at said dwelling-house, and brought an action thereon against A., alleging that P. T. became the bearer thereof: *Held*, that the legal presumption of title, which arises from possession of a note payable to bearer, must prevail in this case, and that the plaintiffs were entitled to recover.

ASSUMPSIT by the administrators of Pearly Truesdell, deceased, to recover the amount of a note, in their possession, of the following tenor : "Monson, May 15, 1837. Three years after date, I promise, for value received, to pay William Russ, or bearer, one hundred and eighty dollars, with interest, payable at the said Thompson's now dwelling-house in Monson. Said note to be kept in the hands of Pearly Truesdell.

Jacob Thompson. '

The first count in the plaintiffs' declaration was, that " the defendant, at Monson, on the 15th of May 1837, made the note, (describing it,) and that said Pearly Truesdell, deceased, for a valuable consideration, then and there became and was the bearer of said note, and kept the same till his decease ; and the plaintiffs, as his administrators, are now the bearers of said note, and on the twenty ninth day of Septembei current (1845) they demanded of said Thompson, at said dwelling-house, payment of said note, which he then and there neglected and refused," &c.   The money counts were added.

The parties submitted the case to the decision of the court, on an agreement that " the defendant signed the note; that the plaintiffs were administrators of the estate of Pearly Truesdell ; and that they, after said note became due, and before bringing this action, demanded payment of the note, of the defendant, at his dwelling-house mentioned in the note."

*R. A. Chapman*, for the plaintiffs.

*H. Morris*, for the defendant.

SHAW, C. J.   As a general rule, the production of a promissory note, payable to a person named, or bearer, is *prima facie* evidence of a legal title as bearer, and no other proof of consideration, or of transfer by the nominal promisee, is necessary.   *Gilbert* v. *Nantucket Bank*, 5 Mass. 97.   So, where such note purports to be indorsed by the nominal payee, proof of such indorsement is not necessary, unless the plaintiff avers it in his declaration.   *Waynam* v. *Bend*, 1 Campb. 175.   Of course, an action may be maintained by one having the custody of the note, without indorsement or other proof of transfer.   *Wilbour* v. *Turner*, 5 Pick. 526. So in an action by the holder of a note payable to order, with a blank indorsement, which, like a note payable to bearer, passes by delivery.   *Beekman* v. *Wilson*, 9 Met. 434.

The only circumstance, which is supposed to distinguish this case, is, that there is a clause in the note, stating that it is " to be kept in the hands of Pearly Truesdell," the plaintiffs' intestate.   This clause, it is urged, accounts for the

custody of the note by the intestate, without supposing him the bearer. It is not easy to understand what was meant by this clause. But we are of opinion that the clause is not inconsistent with the supposition that Truesdell was the bearer, and had a legal title, as such. And this conclusion is fortified by the consideration, that no legal title could have been vested in any other person, by delivery. The general presumption of title, from the production of the note, must therefore prevail.

*Judgment for the plaintiffs.*