Shaw, C. J.
The plaintiffs in this writ, being both described as inhabitants of another state, the writ, no doubt, required an indorser. Rev. Sts. c. 90, § 10. The indorsement was in this form, “ office of William R. Hooper; ” and the case finds that the indorsement was in fact made by Mr. Hooper, an attorney of this court. The question is whether this is a sufficient indorsement. The statute provision is that all original writs, *99 in which the plaintiff is not an inhabitant of the state, shall be indorsed by some sufficient person, who is.
The construction, which has always been put upon the preceding analogous statutes of 1784, c. 28, § 11, and 1833, c. 50, § 2, is, that the party actually making the indorsement, although nominally as the attorney of the plaintiff, in a representative capacity, is still bound as indorser, personally. Chadwick v. Upton, 3 Pick. 442; Chapman v. Phillips, 8 Pick. 25; Clark v. Paine, 11 Pick. 66. So the actual indorser is held liable, though no capacity is stated. Gilbert v. Nantucket Bank, 5 Mass. 97 ; McGee v. Barber, 14 Pick. 216. Where the name of the attorney is not inserted, it is not a good indorsement; it does not bind the attorney, because, though he actually indorses the memorandum on the writ, he does not use his own name. Robbins v. Hill, 12 Pick. 569.
We are of opinion that the same rule, for the same reasons, applies to the provisions of the revised statutes. When the writ is actually indorsed by the attorney who issues it, being a regular attorney of the court from which it issues, and to which it is returnable, and there is no other indorser, such attorney must be taken to be an indorser, within the meaning of the statute, and bound to the responsibilities incident to that character. The court will officially take notice, from its roll of attorneys, that Mr. Hooper was an attorney of the court of common pleas and of this court, regularly admitted, when he indorsed the writ. He must be presumed to have intended to act officially, for his" clients. Wright v. Coles, 11 Met. 293. Exceptions overruled.