SAFFIER v. DIKE, Sheriff.

(Supreme Court, Appellate Division, Second Department.   April 13, 1903.)

1. Sheriffs—Arrested Debtor—Refusal to Receive—Escape.
   Where a sheriff refused to receive a judgment debtor arrested under a body execution, when brought to him for imprisonment in the county jail, and the prisoner was never legally in the sheriff's custody, the latter was not liable for such refusal, as for an escape.

Appeal from Municipal Court of City of New York.

Action by Sam Saffier against Norman S. Dike, as sheriff of Kings county. From a judgment of the Municipal Court dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Abraham B. Schleimer, for appellant.
William W. Wingate, for respondent.

JENKS, J.  This is an action against a sheriff for an escape.   The judgment debtor was arrested by a marshal of the city of New York by virtue of an execution that directed that he be committed to the jail of the city of New York.   The sheriff of the county of Kings refused to receive the debtor when brought to him for imprisonment in the jail of that county.   In Partridge v. Westervelt, 13 Wend. 501, Savage, C. J., says:

"The very term 'escape' presupposes that the person escaping has been within the custody and under the control of the officer. * * * The officer must have the debtor in his custody before there can be any default on his part."

The learned counsel for the appellant cites Colby v. Sampson, 5 Mass. 310, as an authority that the sheriff is liable on an escape before he actually takes the prisoner into custody.   But in that case the judgment was against the deputy sheriff, and the defendant, a coroner of the county, arrested the judgment debtor and carried him to the jail (the sheriff being then absent from the state), and left a copy of the precept with the judgment debtor, who was never confined, but continued to live there.   The judgment in that case turned upon the fact that the execution was properly directed to the coroner, because the statute directed such a course when the sheriff or a deputy was a party.   The coroner could only commit to the jail of which the sheriff was by law the keeper, and the failure of the sheriff to have a person there to receive and confine was tantamount to an escape.   The coroner, ex necessitate, stood in the place of the sheriff or his deputy, and the law regarded the arrest as if made by the sheriff or his deputy.   In this case the sheriff never actually or constructively had the debtor in his custody.   If he unwarrantably refused to receive him from the marshal, I think that the remedy of the plaintiff is not upon an action for an escape.

The judgment should be affirmed, with costs.   All concur; HIRSCHBERG, J., in result.