SAM SAFFIER, Appellant, *v.* NORMAN S. DIKE, as Sheriff of Kings County, Respondent.

*Action for an escape of a prisoner — a sheriff who has refused to receive him is not liable in such an action.*

A sheriff who unwarrantably refused to receive a judgment debtor arrested under a body execution, and thus has never actually or constructively had the prisoner in his custody, is not liable to the judgment creditor in an action for an escape.

APPEAL by the plaintiff, Sam Saffier, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, entered on the 29th day of December, 1902, dismissing the plaintiff's complaint.

. *Abraham B. Schleimer,* for the appellant.

*William W. Wingate,* for the respondent.

JENKS, J.:

This is an action against a sheriff for an escape. The judgment debtor was arrested by a marshal of the city of New York by virtue of an execution that directed that he be committed to the jail of the city of New York. The sheriff of the county of Kings refused to receive the debtor when brought to him for imprisonment in the jail of that county. In *Partridge* v. *Westervelt* (13 Wend. 502), SAVAGE, Ch. J., says: " The very term *escape* presupposes that the person escaping has been within the custody and under the control of the officer. * * * The officer must have the debtor in his custody before there can be any default on his part." The learned counsel for the appellant cites *Colby* v. *Sampson* (5 Mass. 310) as an authority that the sheriff is liable on an escape before he actually takes the prisoner into custody. But in that case the judgment was against the deputy sheriff, and the defendant, a coroner of the county, arrested the judgment debtor and carried him to the jail (the sheriff being then absent from the State), and left a copy of the precept with the judgment debtor, who was never confined but continued to live there. The judgment in that case turned upon the fact that the execution was prop-

erly directed to the coroner because the statute directed such a course when the sheriff or a deputy was a party. The coroner could only commit to the jail of which the sheriff was, by law, the keeper, and the failure of the sheriff to have a person there to receive and confine was tantamount to an escape. The coroner, *ex necessitate,* stood in the place of the sheriff or his deputy, and the law regarded the arrest as if made by the sheriff or his deputy. In this case the sheriff never actually or constructively had the debtor in his custody. If he unwarrantably refused to receive him from the marshal, I think that the remedy of the plaintiff is not upon an action for an escape.

The judgment should be affirmed, with costs.

GOODRICH, P. J., BARTLETT and WOODWARD, JJ., concurred; HIRSCHBERG, J., concurred in result.

Judgment of the Municipal Court affirmed, with costs.