### ABIHU ACKLEY *against* STEPHEN CHESTER.

THIS was an action on the case, brought against the defendant, as sheriff of *Hartford* county, for the default of *John B. Ripley*, his deputy.

In an action on the case against the sheriff for neglecting to return an execution within the life of it, and for a false return, it was held, that he was liable in damages for the whole amount of the execution.

It was stated in the declaration, that the plaintiff recovered a judgment against one *Gilbert Wier*, for the sum of 195 dollars, for damages, costs and execution, and that execution was issued thereon accordingly, dated the 11th day of *August*, 1808, and returnable within sixty days from its date ; that on the same day, the execution was put into the hands of *Ripley ;* and that he received it to execute according to law. It was then averred, that *Ripley* neglected to execute or return the execution within the life of it, but that he, on the 26th day of *December*, 1808, made a false return thereof. It was also further stated, that during the life of the execution, *Wier* was in possession of personal property sufficient to satisfy the amount thereof, and that this fact was known to the officer ; and also, that the body of *Wier* could have been taken and committed during the life of the execution.

It was proved on the trial, that *Ripley*, by virtue of the original writ and process in favour of the plaintiff, against *Wier*, attached the personal property of *Wier*, of the value of 110 dollars.

It was also proved, that on the 27th day of *September*, 1808, *Ripley*, by virtue of the execution before mentioned, arrested the body of *Wier ;* and that on the same day, *Wier* made his escape from the officer, and secreted himself, until the 26th day of *December*, 1808, when he was retaken, and committed; and that on the day following, *Ripley* returned the execution into the clerk's office, to which it was returnable.

Upon these facts, the court instructed the jury, that the defendant was liable to pay the whole amount of the execution ; and the jury returned their verdict accordingly ; whereupon, the defendant moved for a new trial, on the ground of a misdirection; which motion was reserved for the opinion of the nine Judges.

*Sargeant* and *T. S. Williams*, argued in support of the motion. They cited *Ravenscroft* v. *Eyles*, 2 *Wils.* 294. *Libret* v. *Child*, 1 *Root's Rep.* 264. *Russell* v. *Palmer*, 2 *Wils.* 328. *Bonafous* v. *Walker*, 2 *Term Rep.* 129. *Plank* v. *Anderson*, 5 *Term Rep.* 40. *Rawson* v. *Dole*, 2 *Johns. Rep.* 454.

*J. T. Peters* and *Bradley*, contra, cited 1 *Stat. Conn.* tit. 146. c. 1. s. 11. 2 *Swift's Syst.* 114. 230, 281. *Stoyel* v. *Lawrence*, 3 *Day's Rep.* 1.

INGERSOLL, J. This was an action brought by *Ackley* against *Chester*, for making a false indorsement on an execution, and for not returning the same.

The execution was in favour of the plaintiff, and against one *Gilbert Wier*, dated the 11th day of *August*, 1808, and was returnable within sixty days from its date. It was in the hands of one *John B. Ripley*, a deputy of the defendant, and was by him levied on the body of *Wier*, on the 27th day of *September*, 1808 ; who, soon afterwards, escaped from the custody of the deputy sheriff, and was retaken by the officer, on the 26th day of *December* following ; and on the 27th day of the same month, the execution was returned into the clerk's office.

The court charged the jury, to give the amount of the execution in damages, on the ground, that in cases of this kind, there could be no liquidation of damages to such sum, as might be supposed to be sufficient to repair the injury sustained. The jury accordingly returned their verdict in conformity to the above direction. This motion was granted for a supposed misdirection.

My opinion is, that the charge was correct. However the case might stand, on general principles, yet, it has so long been the practice in this state, to give the whole sum in damages, for an officer's neglect of duty, in not levying or returning an execution, or for making a false return, that it may now be considered as settled law.

I am of opinion, also, if the question were open for examination, that it would be better for the public, to have it set-

tled in this way, than in any other. The sheriff and other officers know what their duty is on this subject, and what will be the consequences of their negligence. The rule, thus settled, is not too rigorous upon them, and is very beneficial to the public.

I would not, therefore, advise a new trial.

MITCHELL, Ch. J. being related to one of the parties, gave no opinion. The other Judges concurred in the opinion delivered by *Ingersoll*, J.

Nov. 1811.

New trial not to be granted.