Per Curiam.

The first objection is, that the original writ and judgment are in favor of Dan Young, and that, in the * execution and in the proceedings against the bail, he is [ * 90 ] called Daniel. This was clearly a misprision of the clerk in issuing a judicial writ, and, being so, might be amended. Besides, it was not necessary for the plaintiff to show the proceedings against the bail, particularly where no evidence was offered on the part' of the defendant tending to show his sufficiency, and where especially, as in this case, one surety only had been accepted. His insufficiency might have been proved in any other way by competent evidence, (a)
The second objection is, that the plaintiff should have been held to prove his original debt against Kitteridge. But we consider the writ and judgment sufficient prima, facie evidence of the debt,■ although the sheriff might have impeached it upon the ground of collusion and fraud.
More doubt has been raised in our minds by the last objection. But here, again, the benefit of the judgment, to the whole amount of it, is to be presumed lost by the negligence of the officer. The defendant might have repelled this presumption, and reduced the damages. But the evidence for this purpose must be suggested and produced on his part. It is not sufficient for him to say, negatively, that it did not appear that the principal had property; more than this was necessary to raise a presumption for him that the judgment was of no value. (b)

Judgment on the verdict.

а) Campbell vs. Styles, 9 Mass. Rep. 217. — Burrell vs. Burrell, 10 Mass. Rep. 221

 Weld vs. Bartlett, 10 Mass. Rep. 470.— Walker vs. Haskell, post, 177.— Cæsar vs. Bradford, 13 Mass. Rep. 169. — Dearborn vs. Dearborn, 15 Mass. Rep. 316.—Nye vs. Smith, post, 188. — Phillips vs. Bridge, post, 242. — Rice vs. Hosmer, 12 Mass. Rep. 127. — Shackford vs. Goodwin, 13 Mass. Rep. 187.—Rayner vs. Bell, 15 Mass. Rep. 377. — Mather vs. Green, 17 Mass. Rep. 60. — Brooks vs. Hoyt, 6 Pick. 463.