### Bowen and others *against* Huntington.

An escape of a prisoner from the liberties of the prison, with the consent of *October* 20.
  the gaoler, after having taken the poor debtor's oath, is a *voluntary* escape,
  for which the sheriff is liable.

In an action against the sheriff, for the escape of a prisoner committed on exe-
  cution, the rule of damages is the amount of the execution and costs, with
  interest from the time of the escape.

To entitle himself to the benefit of this rule of damages, the plaintiff need not
  count on the statute, but may declare in case.

THIS was an action on the case, against the defendant, as sheriff of the county of *New-London*, for the escape of *Payton R. Randall*, an imprisoned debtor, committed on an execution in favour of the plaintiffs. The declaration averred, that " the defendant, being the sheriff of said county, and by law charged with the safe-keeping of said *Randall*, without the leave or licence, and against the will, of the plaintiffs, suffered and permitted said *Randall*, freely and voluntarily to escape, and go at large, out of the custody of the defendant, and without the limits and precincts of said prison."

*Randall* was committed to prison, on the 3d of *May*, 1817. Four days afterwards, he was admitted to the poor prisoner's oath, and to the liberties of the prison, on giving bonds. On the 26th of *May*, he, with the knowledge, consent, and direction of the keeper of the prison, departed from the liberties, and was at large. The defendant offered evidence, to prove that *Randall* was a total bankrupt ; claiming, that if he was liable at all for the escape, he was liable only for such damages as the plaintiffs had actually sustained in consequence of it, and not, as they claimed, for the whole amount of the execution. The defendant further claimed, that from the facts in this case, the escape was to be deemed a negligent, and not a voluntary one. The judge rejected the evidence offered ; and charged the jury, that the escape was a voluntary one ; and that the rule of damages was the amount of the execution and costs, and interest from the time of the escape. The jury having found a verdict accordingly, the defendant moved for a new trial, on the ground that the rejected evidence ought to have been received, and that the charge was incorrect.

*New London,*
*October,*
*1820.*

*Bowen*
*v.*
*Huntington.*

*Goddard* and *Law*, in support of the motion, contended, 1. That this was a negligent, and not a voluntary escape. In the first place, the law having admitted the debtor to the liberties of the prison, no consent of the gaoler to the escape, can be implied. Secondly, the conduct of the gaoler was not the act of the sheriff, so as to make it a voluntary escape in the latter.

2. That this being an action on the case at common law, the damages may be less than the debt, according to the circumstances of the debtor. 2 *Swift's Syst.* 112. In *England*, the creditor has his election to bring an action like this, or an action of debt, given by statute. In the former case, the jury may give such damages as they think proper; in the latter, the rule of damages is the sum for which the prisoner was charged in execution. 2 *Term Rep.* 129. In actions in this state, against the *county*, for an escape, it has been repeatedly held, that the recovery is to be restricted to the damages actually sustained. *Staphorse* v. *County of New-Haven*, 1 *Root* 126. *Williams* v. *County of New-Haven*, 2 *Root* 23. Damages beyond those actually sustained, are in the nature of a penalty ; but the common law inflicts no penalty in this case. If the statute has given a penalty, the party entitled to it, must sue upon the statute, or he cannot recover it. At any rate, the common law has given one remedy, and the statute another. If you proceed at common law, you must take such redress as the common law metes to you. If you wish for statute measure, you must proceed upon the statute to get it.

3. That if the amount of the execution and costs was recoverable, interest could not be superadded. If the plaintiffs take to the statute, let them abide by it : the statute gives no interest. The pound of flesh, *and a little blood with it*, is more than the statute allows.

*Cleaveland*, contra, insisted, 1. That as *Randall* escaped not only from the walls, but from the *liberties*, of the prison, with the *consent* and *direction* of the gaoler, it was a *voluntary* escape, for which the defendant is responsible.

2. That in cases of commitment on final process, the *debt* for which the prisoner was committed, is, by statute, (a) ex-

(a) 1 *Stat. Conn.* c. 1. s. 16. " That no person committed to prison, for non-payment of fines, taxes, or upon attachment or execution in civil causes,

pressly made the rule of damages. The word "damage," <span>New London,<br>October,<br>1820.</span>
in the statute, applies solely to escapes upon mesne process.

3. That in order for the plaintiffs to entitle themselves to a <span>Bowen<br>v.<br>Huntington.</span>
recovery, for the amount of the execution and costs, it was
not necessary to sue upon the statute. The defendant was
liable at common law. The statute does not create the *cause*,
nor prescribe the *form* of action. It affirms the common law
as to the liability ; and determines the *extent* of that liability.
In *England*, a new form of action is given by statute ; but in
pursuing it, the plaintiff never declares upon, nor refers to, the
statute.

4. That the defendant having become liable, by the escape,
for the execution debt, a liquidated sum, interest followed of
course.

HOSMER, Ch. J. *Payton R. Randall*, imprisoned in the
county of *New-London*, on execution in favour of the plaintiffs,
having taken the oath provided by law for poor debtors, was
admitted to the liberties of the prison, and afterwards esca-
ped, with the knowledge, consent and direction of the defend-
ant. The plaintiffs, the execution creditors, have brought
their action on the case against the defendant, the sheriff of
said county, for the preceding escape ; and on the trial, the
defendant, to mitigate the damages, offered evidence to shew,
that *Randall* was a bankrupt, when he departed from prison,
and has continued so ever since. The judge rejected the evi-
dence, on the ground that the escape was voluntary, and that
the rule of damages is the execution debt, with interest and
costs ; to review which decision, is the object of the present
motion.

The escape was with the *consent* of the defendant, and there-
fore, was *voluntary*. By the statute regulating gaols and gaol-
ers, *sect*. 16. (*page* 366.) when a person is imprisoned for the
non-payment of an execution, if he shall be *permitted*, by the
keeper of the prison, to escape, the sheriff is made liable to
satisfy " the debt or damage for which he is committed."—

shall be permitted, by the keeper of the prison, to go at liberty without the
precincts of the prison, but by the licence of the court that committed him, or
of the creditor, for whose cause he is arrested and imprisoned, upon penalty of
paying the fine or tax upon him, or satisfying the debt or damage for which
he is committed, to him to whom the same is due."

*Randall* was *permitted*, by the defendant, to escape; and by this act, the defendant became responsible for the amount of the execution, not on construction merely, but by the explicit expressions of the law. The *poverty* of the debtor, is of no importance in the case. The defendant knew the law, and virtually assumed to pay the debt.

It was not requisite for the plaintiffs to count on the statute, in order to entitle themselves to the benefit of its provisions. Their action is founded on the common law, and the only effect of the statute, is to encrease the damages. There is one rule of damages only, in the case before the court; and so far as I know, the practice ever has been, to render judgment, without counting on the statute, for the full amount of the debt. An action of *debt*, for escape from prison, by a person committed on execution, is the usual remedy in *Westminster-Hall*, in which the sum due to the creditor, is the rule of damages; but this rule is founded on statute, to which no reference is had in the declaration. *Bonafous* v. *Walker*, 2 *Term Rep.* 126. *Jones* v. *Pope*, 1 *Saund.* 35. n. 1.

It would be quite an illiberal construction of the law, to decide, that the plaintiffs, in their recovery, shall be restricted to the judgment debt. The object of the law, is to transfer to the sheriff a responsibility or trust, equal to that existing on the debtor; and as he was liable, in the sum advanced for his maintenance, so is the defendant. It is true, that the interest cannot be demanded of the debtor, as the execution authorized the defendant to restrain him only, until he should pay the debt for which he was imprisoned. But as the defendant, in direct violation of his duty, has permitted his prisoner to escape, it is perfectly equitable that he should pay the interest, and comports entirely with the liberal system, which, on this subject, the court has adopted. The sum recovered of the sheriff, ought not to be considered as a penalty, but as a transfer of debts, to which, with open eyes, he has rendered himself responsible; and hence no objection can arise on this ground.

I am of opinion, that the proceedings below were correct, and that a new trial ought not to be granted.

The other Judges were of the same opinion.

New trial not to be granted.