*Litchfield,*
June, 1830.
_____
Potter
*v.*
Yale College.

———◆———

## Seymour *against* Harvey and others.

## Harvey and others *against* Seymour:

### IN ERROR.

| | |
| --- | --- |
| 8 | 63 |
| 68 | 450 |

A written instrument, in the form of a bond, and signed, but not under seal, is not a specialty.

But if such an instrument be taken, by the sheriff, as security for the liberties of the prison, it will be valid.

And the indulgence of the prisoner with his personal liberty without the walls and within the liberties of the prison, is a sufficient consideration to support such instrument.

Where the condition of an instrument taken as security for the liberties of the prison, was, that the prisoner should well and truly keep himself *within the prison*, and not depart therefrom until lawfully released; it was held, that this was a valid instrument, and that an escape from the *liberties* of the prison, constituted a breach of the condition.

In an action brought by the sheriff, on an instrument in the common form of a bond for the liberties of the prison, it is not necessary to allege or prove a special request to fulfil the contract.

Where the sheriff, after the escape of a prisoner, immediately upon the discovery of such escape, refused to receive the prisoner, it was held, that he was not bound to receive him, but was entitled to recover for

*Litchfield*,
June, 1830.

Seymour.
*v.*
Harvey

the escape, though the prisoner had previously returned, and was, at the time of such refusal, within the limits of the prison.

In an action by the sheriff, on the security taken by him for the liberties of the prison, for an escape, the correct rule of damages is the debt and costs on the execution, with interest.

THIS was an action brought by *Ozias Seymour*, sheriff of the county of *Litchfield*, and keeper of the gaol, against *Wareham Harvey* and two other persons, for the escape of *Harvey* from the liberties of the prison.

The declaration consisted of two counts ; the first of which was upon a bond, alleged to have been executed by the defendants, under their hands and seals. In the second count, the plaintiff, after averring his official character, stated, That, on the 1st of *June*, 1825, said *Harvey* was legally confined within the gaol of *Litchfield* county, being held in custody, by virtue of an execution issued on a judgment against him, in favour of one *Herman Seelye* ; and being so confined in said gaol, in consideration that the plaintiff, at the special instance and request of the defendants, would suffer said *Harvey* to go at large within the liberties of the prison, the defendants, on said 1st of *June*, 1825, made and executed and delivered to the plaintiff, their certain instrument in writing, under their hands, dated the same day and year, in and by which the defendants acknowledged themselves to be holden and firmly bound to the plaintiff in the sum of 150 dollars, to be paid to the plaintiff, or to his heirs, &c. and therein and thereby jointly and severally bound themselves, their heirs, &c. to pay to the plaintiff, his heirs, &c. the said sum of 150 dollars, when they, the defendants, should be thereunto afterwards requested, with a condition thereunto annexed, providing, that if said *Harvey* should well and truly keep himself within the said prison, and not depart until lawfully released, then said written instrument should be void, but otherwise remain in force ; whereupon the plaintiff, at the special instance and request of the defendants, suffered said *Harvey* to go at large within said liberties. A breach was then alleged, by the escape of *Harvey*, on the 1st of *May* 1828, out of said prison, and out of said liberties.

To the first count, the defendants pleaded, that the writing declared on, was not their deed ; and to the second count, that *Harvey* departed with the permission of the plaintiff, and in pursuance of a discharge from him ; on which issues were joined.

The cause was tried at *Litchfield, August* term, 1829, before *Daggett*, J.

On the trial, the plaintiff, in support of both counts of his declaration, offered in evidence a written instrument, in the form of a bond, signed by the defendants, but without seals ; the condition of which was, that " if the said *Wareham Harvey* shall well and truly keep himself within the said prison, in which he is now confined, and not depart therefrom until lawfully released, then this obligation to be null and void, otherwise to remain in full force." The defendants objected to the admission of this instrument under the first count, because it was unsealed ; and the judge, on that ground, rejected it.

The defendants claimed, and prayed the judge to instruct the jury, that the plaintiff could not recover on the second count, without proof of a demand on or request of one or all of the defendants, to pay the money specified in the writing, before the commencement of the action ; of which the plaintiff offered no evidence. The judge charged the jury, that to entitle the plaintiff to recover, it was not necessary to prove such demand or request.

The defendants further claimed and prayed the judge to instruct the jury, that the plaintiff could not recover on the second count, because the writing therein set forth was void, inasmuch as the plaintiff was not authorized by law to require or receive such a writing. The judge instructed the jury, that this writing was such an one as the plaintiff had by law a right to require and receive, and was not void.

The defendants further claimed, and prayed the judge to instruct the jury, that the plaintiff, if entitled to recover at all, could only recover nominal damages ; it being admitted, that he had not been sued or damnified, by reason of the alleged escape ; and it being also admitted, that *Harvey* returned within the liberties and there remained until he was told by the plaintiff, that as he had escaped, he should stand charged with him no longer ; the plaintiff having then just discovered the escape. The judge charged the jury, that if they should find, that after the escape of *Harvey*, and after his return within the liberties, the plaintiff refused to receive him again as his prisoner on the execution, having then just discovered his escape, though the plaintiff might have received him, if he pleased, yet he was not bound to receive him ; and therefore, the plaintiff was enti-

*Litchfield,*
June, 1830.

Seymour.
*v.*
Harvey

tled to recover the amount of the debt and costs on the execution, with interest.

The jury returned a verdict for the defendants on the first issue, and for the plaintiff on the issues joined on the second count. The defendants then moved in arrest of judgment, alleging the insufficiency of the second count. This motion being overruled, the case was brought before this Court, on a motion in error, and also on a motion for a new trial, by the defendants.

*P. Miner* and *J. W. Huntington,* in support of the motions, contended, 1. That the writing set forth in the second count and exhibited in evidence on the trial, was not a bond; it being an unsealed instrument.

2. That the plaintiff was not authorized by law to take this instrument; and consequently, he can sustain no action upon it. By the common law, a prisoner was not entitled to the liberties of the prison. The right exists solely by virtue of the positive provisions of the statute, which must be strictly complied with. But the statute authorizes the sheriff to permit a prisoner to go at large within the liberties of the prison only on his giving a *bond* with surety. *Stat.* 252. *tit.* 42. *s.* 8.

3. That if the plaintiff was authorized to take an instrument not under seal, still the instrument taken is invalid, because the condition is not such as the law requires. The condition of this instrument requires the prisoner to keep himself "*within the prison*"—*i. e. the walls* of the prison;—whereas it should have been within *the limits of the liberties. Stat.* 252. *tit.* 42. *s.* 8.

4. That the plaintiff was not entitled to recover, for want of a *special request* to pay the money, *alleged* and *proved.* This writing is a promise to pay a *penalty;* and a penalty is always collateral; for a penalty is never a precedent debt, and a request must, therefore, be specially alleged and proved. 1 *Saund.* 32. But if this is not to be regarded as a promise to pay a penalty, it is not for a subsisting debt. It is an acknowledgment of an indebtedness created by the instrument, to be void upon the performance of the condition, and is, therefore, a collateral undertaking. *Obaston* v. *Garton, Cro. Eliz.* 91.

5. That nominal damages only could be recovered; as the plaintiff has neither paid, nor become liable to pay the debt.

*Lord* v. *Bennet*, 2 *Root*, 335. He could not refuse to receive the prisoner, nor discharge himself from the custody of him. When a prisoner has voluntarily departed from the liberties of the gaol, and returned, the statute authorizes the sheriff, not to refuse to receive him, but to commit him to close prison. *Stat.* 252. *tit.* 42. *s.* 8. If he could refuse to receive him, he would have the power of deciding, whether the creditor should get or lose his debt ; a power which might be exercised as favour, or dislike, or caprice, or even a worse motive, might dictate.

*Bacon* and *Sanford*, contra, insisted, 1. That the instrument offered in evidence ought to have been admitted under the first count ; and if so, neither of the motions can prevail. It has all the formal, as well as substantial solemnities and requisites of a specialty, except the wafer. It is, according to the popular acceptation of the term, a bond. In this state, sealing is an unmeaning ceremony. The circumstance of putting a seal to a writing does not encrease the evidence, the deliberation or the solemnity of the contract. 1 *Swift's Dig.* 174.

2. That if this is not a specialty, it is a valid simple contract, and was proper evidence to support the second count. It has all the requisites of a valid simple contract—competent parties, a legal and sufficient consideration, and a legal object. It is not *declared* void, by any statute ; nor is it void by any principle of the common law. The provision in our statute concerning gaols, on this subject, is only for the direction of the sheriff, in a matter which is for his safety ; and if the security taken vary from the direction in *circumstance* only, such a variation will not hurt. 1 *Wms. Saund.* 161. n. 1. *Bartlett* v. *Willis* & al. 3 *Mass. Rep.* 86.

3. That no special request to pay need be stated or proved. 1 *Swift's Dig.* 698. 1 *Chitt. Plead.* 323. *Wallis.* v. *Scott*, 1 *Stra.* 89. *Vivian* v. *Shipping*, *Cro. Car.* 385. *The Hostlers'* case, *Yelv.* 66. and n. 1. by *Metcalf. Capp* v. *Lancaster*, *Cro. Eliz.* 548.

4. That the correct rule of damages was stated to the jury. In the first place, the sheriff had a perfect right to refuse to receive the prisoner. 1 *Swift's Dig.* 544. *Drake* & al. v. *Chester*, 2 *Conn. Rep.* 473. 475. *Abel* v. *Bennet*, 1 *Root* 128. *Janson* v. *Hilton*, 10 *Johns. Rep.* 561. Secondly, the

*Litchfield,*
June, 1830.

Seymour
*v.*
Harvey.

refusal, as soon as he had discovered the escape, was in sufficient season. *Dash* v. *Van Kleeck*, 7 *Johns. Rep.* 477. The prisoner, therefore, is still out of prison, without justification or excuse.

This has long been considered the settled rule in *Connecticut.* It is also the rule in *Massachusetts.* *Freeman* v. *Davis* & al. 7 *Mass. Rep.* 200. *Burroughs* v. *Lowder* & al. 8 *Mass. Rep.* 373. And in *New-York.* *Mandell* v. *Barry* & al. 9 *Johns. Rep.* 234. 238. It is necessary for the sheriff's indemnity and security, and required by public policy.

DAGGETT, J. The first question presented in this case, is, whether the writing declared on in the first count of the declaration, is a bond. It is an instrument in writing not under seal ; and therefore, by the common law, not a specialty. A sealed instrument precludes an inquiry into the consideration ; the consideration is emphatically said to be locked up. A specialty evinces a consideration. This constitutes the essential distinction between instruments under seal, and those not under seal. The latter are parol contracts ; and the consideration of them, while they remain in the hand of the original party, may be enquired into ; and the contract may be defeated, upon proof of want of consideration. 2 *Black. Comm.* 305. *Pow. on Cont.* 330, 2, 3. *Rann* v. *Hughes,* 7 *Term Rep.* 350. *in notis.* All contracts by the common law are thus distinguished into specialties, and agreements by parol. There is no third class. This doctrine has been frequently declared at the circuit ; and it was sanctioned, by this Court, at the last term, in the case of *Montville* v. *Haughton* & al. 7 *Conn. Rep.* 543. The question is no longer doubtful, but is settled here according to the rules of the common law.

It is not here intended to say, that promissory notes expressed "*for value received*," and not payable to order, and not under seal, are not specialties. The legislature, by limiting the time to seventeen years, within which an action may be brought on them, while six years only is allowed for promissory notes payable to order, seems to have regarded them as bonds ; and it is believed, that they have been so considered by our courts, and by the profession ; but no opinion is given on that point.

2. It is urged, that no other writing could have been lawfully taken but a bond with sureties. This objection comes with

an ill grace from the defendants,—the prisoner, who obtained,

by this voluntary instrument, the liberties of the yard, and has escaped, and by his sureties, who guarantied that he should remain a faithful prisoner. Let us, however, examine this position. The object of the statute (*tit.* 42. Gaols. *s.* 8.) was to enable the debtor confined in close prison, to obtain the liberties of the prison, if he would secure the sheriff against his escape. This security might be by any instrument, which the sheriff would accept, though the statute speaks of a bond. Of what importance could it have been, in the view of the legislature, whether the instrument to be taken was to be under seal or not ; and as to the defendants, it could have been in no respect material, for the object was apparent on the condition annexed.

But broader ground may be taken and sustained. There is clearly a good consideration for this writing, *viz.* the indulgence of the prisoner with his personal liberty, without the walls, and within the limits of the liberties of the prison. It is not opposed to public policy, nor is it an unlawful agreement for ease and favour ; for it is the policy of our law to give to debtors such liberty, and such ease and favour, if it may be so called, as is contemplated by this contract. It is difficult, then, to see on what foundation this objection rests.

Moreover, it has been the constant practice, in some parts of the state, with the sheriffs, to take a note of hand, conditioned that the debtor shall remain a faithful prisoner, &c. This was practised, extensively, in the county of *Fairfield ;* and many suits were sustained on them, without a question.

This agreement or contract is good at common law. *Freeman* v. *Davis* & al. 7 *Mass. Rep.* 200. *Burroughs* v. *Lowder* & al. 8 *Mass. Rep.* 373.

3. Another objection is, that the condition shows, that the instrument is invalid. This condition is—" if he shall well and truly keep himself within the said prison, in which he is confined, and *not depart therefrom until lawfully released,*" &c. This argument supposes, that the defendants entered into this contract to indemnify the plaintiff against the escape of the prisoner, *when in close custody and locked up in gaol.* This must be a very rigid, not to say unaccountable construction. But, if this be its construction, is it clear, that the instrument would have been thereby defeated ? Why may not a prisoner voluntarily enter into a contract of this description, and thus lull the sheriff into such security as to be entirely off his guard in rela-

tion to the safety of the prisoner ?    The true construction, how-
ever, is, that the prisoner was to enjoy, as the case finds he did,
*the liberties of the prison.*    It is the settled doctrine on this
subject, that the liberties of the prison is an extension or en-
largement of the walls of the prison.    A person, therefore, is
in prison, in legal contemplation, when within the liberties of
the prison.    An escape from the liberties, is an escape from the
prison.    In this view, the objection vanishes.

4.  It is again objected, that a request to fulfil the contract is
not alleged with time and place, nor proved.    Here the an-
swer is two-fold : first, the instrument is silent respecting any
request.    It is alleged in counting on it, that it was to be paid
on request, that is, " when they, the defendants, should be there-
unto requested."  How can this objection now be made ?    The
defendants did not, as appears by the contract, undertake to
pay on request.    These words in the declaration are words of
form—mere surplusage, and cannot affect the merits of the
case.    All the forms of declarations on bonds for the payment
of money only, contain such an allegation.    Secondly, where
there is no previous indebtedness, and there is a promise to do
any act upon request, a request must be laid specially, and
proved.    But how does that principle bear on this case ?
Here is an agreement to pay a certain sum, if the defendant,
the debtor, shall depart from prison.    He violates his contract ;
and instantly becomes liable for the damages ; and his sureties
are responsible with him.

5.  Again ; it is further objected, that the sheriff discharged
the prisoner from gaol.    If the plaintiff voluntarily permitted
him to escape, he cannot retake him, nor subject him or his
sureties to damages for his escape.    But how stands the proof
in relation to this fact ?    The court charged the jury, that if
they found, that immediately after the sheriff had discovered
that the prisoner had escaped, he refused to receive him
again as his prisoner, though he then had returned, and
was then within the limits, he was not bound to receive
him, (though he might have so done,) but was entitled to recov-
er for the escape.    *Dash* v. *Van Kleeck,* 7 *Johns. Rep.* 477.    1
*Swift's Dig.* 544.    This is the undoubted law on the subject.
If the sheriff accepts the prisoner, which he may do, and has
not become liable to the creditor, he cannot recover ; but if,
when he first discovers the escape, he refuses to stand charged
with the prisoner, he is not obliged further to trust so slippery

a debtor, but may refuse to recognize him as a prisoner, and re- <span>*Litchfield,*<br>June, 1830.</span>
sort to his remedy on the security.

6. The only remaining question is, whether the charge of <span>Seymour<br>*v.*<br>Harvey.</span>
the judge to the jury, that the rule of damages was the debt,
interest and costs, was correct. This point is established in
*Freeman* v. *Davis* & al., 7 *Mass. Rep.* 200. *Burroughs* v.
*Lowder* & al. 8 *Mass. Rep.* 373. *Mandell* v. *Barry* & al. 9
*Johns. Rep.* 238. 1 *Swift's Dig.* 544. Indeed, if the escape
was not purged by his return ; if under the circumstances, the
sheriff was not bound to receive him as his prisoner, which is
before shown ; then it is a plain case ; he has escaped, and is
still out of gaol. If the defendants are not now liable, when
will they be liable ? If not liable for the whole debt, for what
amount are they liable ?

The motion, therefore, must be denied ; and there is nothing
erroneous in the judgment of the court below.

The other Judges were of the same opinion.

New trial not to be granted ; and
Judgment affirmed.