## CLARK *against* SMITH.

9 379
70 150

Where goods were sold and delivered, in the city of *N.* by *A.* to *B.,* inhabitants of that city; and afterwards *B.* gave *A.* a promissory note for the amount, payable seventy days after date; and it was, at the same time, agreed between the parties, that if *C.,* living without the city, would not

*New-London,*
July, 1832.

Clark
*v.*
Smith.

say, that *B.* was able to pay the note when due, *A.* might collect the debt, on demand, as a book debt then due ; on application to *C.* without the city, he refused to assert *B*'s ability to pay the note ; whereupon *A.* brought *assumpsit* for the price of the goods, before the city court, within the time mentioned in the note ; it was held, 1. that the cause of action arose within the city, and the city court had jurisdiction of the suit ; 2. that *assumpsit* on the original cause of action, would lie ; and 3. that the action was not prematurely brought.

In an action against an officer for neglect of duty on *mesne* process, the rule of damages is the injury actually sustained, and not the amount of the debt.

Therefore, where an officer, in an action against him for not returning a writ of attachment, offered evidence to shew, in mitigation of damages, that the property attached was subject to prior incumbrances to nearly its value, and that the debtor had no other property liable to attachment, and had absconded ; it was held, that such evidence was admissible.

THIS was an action on the case against *Simeon Smith* Esq. sheriff of the county of *New-London,* for the default of *Lodowick Bill,* a deputy of the defendant, in not returning a writ of attachment in favour of the plaintiff against one *Joseph Crandall.* The declaration stated, That *Joseph Crandall,* of *Salem,* in *New-London* county, being justly indebted to the plaintiff, in the sum of 500 dollars, for divers goods, wares and merchandize, by the plaintiff, sold and delivered to said *Crandall,* in the city of *Norwich,* he, the said *Crandall,* on the 2d of *March* 1831, in said city, made, executed and delivered to the plaintiff, his promissory note of that date, whereby, for value received, he promised the plaintiff, seventy days after the date of said note, to pay to the order of the plaintiff 500 dollars, at the *Norwich Bank ;* which note was delivered to the plaintiff in said city, for and in consideration of said indebtedness ; but it was, by said *Crandall,* then and there agreed with the plaintiff, that if *Jasper Latham* would not say, that said *Crandall* was able to pay said note, when due, the plaintiff might collect said debt, on demand, as a book debt then due ; that said *Latham,* afterwards, on the day and year aforesaid, being applied to and requested, by the plaintiff, to say, that said *Crandall* was of ability as aforesaid, declined and refused so to say ; and said debt was due and payable from him the said *Crandall* to the plaintiff, on demand. The declaration then averred, that afterwards, on the 18th of *March* 1831, said *Crandall* being about to convey away his property and abscond from this state, the plaintiff, for the pur-

pose of securing and collecting said debt, prayed out a writ of attachment, in an action of *indebitatus assumpsit* for the debt so due as aforesaid; which writ was returnable to the city court of the city of *Norwich*, and was delivered, by the plaintiff, to *Lodowick Bill*, as deputy sheriff, to serve and return according to the exigency thereof; that *Bill* received the writ, and, by virtue thereof, attached property; and that he then neglected to return the writ, whereby the plaintiff lost his debt.

The cause was tried, on the general issue, at *Norwich*, *March* term 1832, before *Hosmer*, Ch. J.

The plaintiff proved the issuing of the writ and delivery of it to *Bill*, the deputy sheriff, as stated in the declaration; that he attached, by the plaintiff's direction, certain articles of personal property and a piece of land, as the estate of *Crandall*; but that he omitted to return the writ, so that no judgment was, or could be, rendered thereon: and that *Crandall* had absconded with his family out of the State, a few days before the delivery of the writ to the officer.

The defendant offered evidence to prove, in mitigation of damages, that all the articles which the plaintiff had directed the officer to attach, (except some hay, of the value of 3 dollars, claimed to be exempt from attachment) and all the other personal property of *Crandall*, had, prior to the delivery of the writ to the officer, been lawfully attached, by two constables, by virtue of four writs of attachment, issued in suits in favour of other creditors against *Crandall*, and were then legally in possession of such constables; that those writs were afterwards duly returned, and judgments were rendered thereon and executions issued, by virtue of which the whole of the personal property, except the hay, had been legally levied upon and sold, and the avails applied in satisfaction of the executions, except the sum of about one dollar, which remained after satisfying one of them; that all the real estate of *Crandall* consisted of the piece of land attached by *Bill*, which before the delivery of the plaintiff's writ to him had been mortgaged to *Thomas Fitch* for the full value thereof; so that *Crandall* had no beneficial interest whatever in said personal or real estate, except the hay and the small balance of one of the executions, and that he had no other estate on which the writ could have been levied. To the admission of

this evidence the plaintiff objected, claiming that the only rule of damages was the plaintiff's debt against *Crandall.* The court decided, that such evidence was not admissible.

The plaintiff also proved the sale of the goods to *Crandall,* and the making of the note and the agreement mentioned in the declaration ; that without the limits of the city of *Norwich,* viz. at *Salem,* he had applied to *Jasper Latham* to say whether *Crandall* was able to pay the note ; and that *Latham* had refused so to do.

The defendant claimed, that upon these facts, the plaintiff could not recover ; that no action, except an action on book, could be maintained for the goods, prior to the expiration of the seventy days specified in the note ; and that if *Latham* had not neglected or refused to say, within the limits of the city of *Norwich,* that *Crandall* was able to pay the note, the city court had not jurisdiction of the suit against *Crandall;* and prayed the court so to instruct the jury. The court instructed the jury, that the plaintiff, upon these facts, was entitled to a recovery ; and that the rule of damages, according to decisions that have been made in this state, was, the amount of the plaintiff's debt against *Crandall.* The jury found accordingly ; and the defendant moved for a new trial, on the ground that the evidence offered by him should have been received, and that the charge was incorrect.—

*Goddard* and *Waite,* in support of the motion, contended, 1. That the plaintiff was not entitled to recover, in this action, because he could not have recovered in the suit against *Crandall,* if the writ had been duly returned. *Alexander* v. *Macauley* & al. 4 *Term Rep.* 611. *Gunter* v. *Cleyton,* 2 *Lev.* 85. *Riggs* & al. v. *Thatcher,* 1 *Greenl.* 58. *Fitch* v. *Smith,* 9 *Conn. Rep.* 43.

In the first place, the city court, to which the writ was returnable, had not jurisdiction of the suit, an essential part of the cause of action not having arisen within the limits of the city. A note payable in seventy days had been taken for the goods ; and no action for the price of them could be sustained before the expiration of that time, unless something further was done ; and that indispensable fact did not take place within the limits of the city. Secondly, the action of *assumpsit* could not be sustained until the expiration

of the time limited for the payment of the note. After the sale of the goods, a new agreement was made, and a new credit given. There was, consequently, a new cause of action, founded on the agreement. By the terms of the agreement, if the condition was not performed, the bill of goods was to be collectible *as a book debt.* The action of book debt, therefore, was the only action that would then lie.

2. That if this action is sustainable, the plaintiff can recover such damages only as he has actually sustained, by the alleged default. This results, in the first place, from the nature of an action on the case. It is the general law of its being. Secondly, it is the established rule in relation to this particular subject, *viz.* the default of an officer in serving mesne process. 3 *Stark. Ev.* 1340. *Planck* v. *Anderson* & al. 5 *Term Rep.* 37. 40. *per Buller, J. White* v. *Jones,* 5 *Esp. Rep.* 160. *Burrell* v. *Lithgow,* 2 *Mass. Rep.* 526. *Colby* v. *Sampson,* 5 *Mass. Rep.* 312. n. *Weld* v. *Bartlett,* 10 *Mass. Rep.* 470. *Young* v. *Hosmer,* 11 *Mass. Rep.* 89. *Nye* v. *Smith,* 11 *Mass. Rep.* 188. *Shackford* & ux. v. *Goodwin,* 13 *Mass. Rep.* 187. *Rich* & al. v. *Bell,* 16 *Mass. Rep.* 294. *Eaton* v. *Ogier,* 2 *Greenl.* 46. *Russell* v. *Turner,* 7 *Johns. Rep.* 189. *Potter* v. *Lansing,* 1 *Johns. Rep.* 215. Thirdly, a recovery in this case, does not extinguish the plaintiff's right of action against the original debtor. He may yet sue *Crandall,* and get his whole debt.

In relation to *final* process, after it had been, for a long time, the practice, in this state, to allow the amount of the execution in damages, for the default of the officer, that practice was sanctioned by a judicial decision, in the case of *Ackley* v. *Chester,* 5 *Day,* 221. The same rule of damages was afterwards adopted in an action against the sheriff, for the escape of a prisoner committed on execution. *Bowen* & al. v. *Huntington,* 3 *Conn. Rep.* 423. The latter decision was founded on the express provisions of the statute then in force. *Stat.* 366. *s.* 16. ed. 1808. At the revision in 1821, those provisions were left out, and thus repealed; and the present statute relating to sheriffs, merely subjects the officer to *damages* for default of duty. *Stat.* 416. *tit.* 90. 1. 7. But neither the decisions referred to, nor the practice and statute provisions on which they were founded, if they were now law, would have any bearing upon this case. As to *mesne* process, the equitable rule of the common law has always prevailed.

New-London,
July, 1832.
————
Clark
v.
Smith.

*Strong*, contra, contended, 1. That the plaintiff's suit against *Crandall* was properly brought to the city court; the goods having been sold and delivered, and the promise to pay having been made within the city. Had the note continued in force, the right of action would have been suspended for seventy days. *Latham's* refusal to confirm *Crandall's* responsibility, removed this bar. The removal of a temporary bar is no part of the cause of action, and may take place any where, without affecting the jurisdiction of the city court.

2. That the giving of the note, was not a *payment*. Had the condition been performed, it would only have suspended the right to sue for the goods, during the time limited ; and after the expiration of that time, the parties would have stood, with respect to the original cause of action, just where they were before the note was given. Book debt or *assumpsit*, which are concurrent remedies for goods sold, would have been sustainable. In the event of a non-performance of the condition, the claim was to be collectible as *a book debt then due ;* and a book debt then due, might be collected, by action of *assumpsit*.

3.    That in this state, in actions against officers for escapes and neglect to serve and return process, the amount of the debt is the uniform rule of damages. *Ackley* v. *Chester*, 5 *Day*, 221. *Bowen* & al. v. *Huntington*, 3 *Conn. Rep.* 423. *Seymour* v. *Harvey*, 8 *Conn. Rep.* 64. The principle is as applicable to *mesne* as to *final* process. It makes no difference with the creditor, whether the officer neglects to execute final process, or by his default, prevents the creditor from obtaining final process. *In pari ratione, eadem est lex.*

DAGGETT, J. On the trial of this cause to the jury, on the general issue, three points of defence were set up, by the defendant.

1. The suit against *Crandall* could not have been sustained before the city court, to which the writ was made returnable. I do not see any force in this objection. The utmost that could have been shown, by *Crandall*, in that suit, was, that there was an agreement entered into, by the plaintiff, with him, that the right of recovery for the goods sold, should be suspended, until it could be ascertained, whether the promissory note taken conditionally, was good. If it had appeared, that it was good, then the plaintiff could not have recovered, before the

time of payment had elapsed ; but as it appeared, that the condition of the suspension was not fulfilled, the plaintiff's cause of action remained, as though the note had never been given. He then had a good cause of action arising within the city ; for the debt was there contracted, and one of the parties there dwelt. It surely is not correct to say, that because a question may occur on a trial, in a city court, concerning a fact which took place out of the city, the city court is ousted of its jurisdiction. A release pleaded may have been executed out of the city ; and yet it will not be seriously urged, that hence the cause cf action did not arise within the city. A release is no part of the cause of action ; but it is a reason why a recovery should not be had, because it is a perpetual bar. Just so of this agreement, which, at most, could be only a temporary bar.

Again, the debt of the plaintiff against *Crandall*, by the terms of this contract, was to be considered as *now due*, (i. e. at the date of the agreement,) if *Jasper Latham* would not say, that *Crandall's* note for seventy days was good. If *Jasper Latham* had said it was good, it might not have operated as payment. It was not a bond, which merged the prior indebtedness, but a simple contract ; and if not endorsed over, would have left the plaintiff to his original cause of action.

2. It is insisted, that a suit could not be brought until the seventy days had expired ; and then only an action of debt on book, and not an action of *assumpsit* for goods sold and delivered. This objection is also invalid. If *J. Latham* did not say, that the note was good, the parties, by their agreement, were to consider the debt *then due*, and recoverable. It is strange to hear such an objection from the defendant ; and it would have been equally strange to have heard it from *Crandall*, on trial of the original suit. In cases like this, the action of debt on book, and of *indebitatus assumpsit*, are, undoubtedly, concurrent remedies. If then, it be admitted, as was insisted by the counsel for the defendant, that in an action for neglecting to return mesne process, the plaintiff must prove a debt, or he will be entitled only to nominal damages, I think the charge of the judge at the circuit was entirely correct, in overruling these objections.

3. But the defendant further offered to prove, that the property, which the officer was directed to attach, was so encumbered, by prior attachments and a mortgage, that if a writ

New-London,
July, 1832.

Clark
*v.*
Smith.

New-London,
July, 1832.

Clark
v.
Smith.

had been returned, and a judgment recovered, nothing could have been obtained on the execution, except one dollar, or a trifling sum.    This testimony was offered, to show what damages the plaintiff was entitled to recover; but it was rejected, by the court, on the ground that by our law and decisions, the plaintiff was entitled to recover his whole debt.    This opinion, I think, is erroneous.    It is not urged, by the counsel for the plaintiff, that there is any authority in support of this doctrine, in the common law, or in any other state.    On the contrary, it seems to be admitted, as it certainly must be, that the principles and decisions are all the other way.    I have ever considered that a sheriff was liable to the creditor for all the damages which he sustained for a neglect of duty on *mesne process*.    The authorities are all one way, on this question, in *England*, and in this country.    To this effect is the case of *Planck* v. *Anderson* & al. 5 *Term Rep.* 37. 40.    Mr. Justice *Buller* says : " There is a difference, where a party is in custody in execution, and on mesne process.    In the former, a creditor has a right to the body of his debtor every hour, till the debt is paid ; and if the prisoner escape, may bring an action of debt upon the statute, against the sheriff, in which he *may*, (without considering how far he *must*) recover the whole debt.    But where the prisoner escapes out of custody on *mesne process*, the creditor cannot bring an action of debt, but is driven to his action upon the case, which is founded on the damage sustained ; and if no damage be sustained, the creditor has no cause of action."    In 3 *Stark. Ev.* 1341, it is said, speaking of this action, " if the plaintiff has not in fact been injured, by the sheriff's laches, the damages will be merely nominal."    The author cites *Tempest* v. *Linley, Clayton* 34.    In an action against the sheriff for an escape and false return, the plaintiff can recover no more than he has actually lost, in consequence of the escape.    *Potter* v. *Lansing*, 1 *Johns. Rep.* 215.    *Russel* v. *Turner*, 7 *Johns. Rep.* 189.    *Smith* v. *Hart*, 2 *Bay*, 395.    *Burrell* v. *Lithgow*, 2 *Mass.* 526.    *Weld* v. *Bartlett*, 10 *Mass. Rep.* 470.    *Young* v. *Hosmer*, 11 *Mass. Rep.* 89.    *Nye* v. *Smith*, 11 *Mass. Rep.* 188.    *Shackford* & ux. v. *Goodwin*, 13 *Mass. Rep.* 187.    *Rich* & al. v. *Bell*, 16 *Mass. Rep.* 294. 299.    *Eaton* v. *Ogier*, 2 *Greenl.* 46.

Moreover, the principle which governs this action, proves the same doctrine.    The plaintiff always recovers according to the justice and equity of his case.

New-London,
July, 1832.

Clark
v.
Smith.

The provisions of our own statute (*tit.* 90. *Sheriffs*) is in entire accordance with this idea. In the 7th section, the sheriff is required to receive all writs and processes tendered to him ; and he is directed to execute the same. It is further declared, that if he shall not duly execute and return the writ, or shall make a false or undue return thereof, he shall be liable to pay all damages to the party aggrieved, to be recovered in any proper action.

The plaintiff is driven, at last, to this position, that the uniform decisions of the courts have been, that the amount of the debt is the rule of damages in actions against officers for escapes, and neglecting to serve and return process. If this position had been confined to such neglect, or such escapes on *final process*, it perhaps might have been supported ; but there is no case within my knowledge, in which this principle has been established in relation to *mesne* process. The cases cited are—*Bowen* v. *Huntington*, 3 *Conn. Rep.* 423. 425. By a recurrence to that case, it appears, that it was an action against the sheriff, for a voluntary escape of one *Randall* from prison, where he was confined on execution ; and by the statute, then in force, the sheriff was made liable, by *express provision*, for the debt or damage for which the prisoner was committed. In *Ackley* v. *Chester*, 5 *Day* 221. it was decided, that when an officer neglects to levy and return an *execution*, or makes a false return, he shall be liable for the whole debt. The only other case cited, is that of *Seymour* v. *Harvey*, 8 *Conn. Rep.* 63. in which it was decided, that in an action by the sheriff, on the security taken by him for the liberties of the prison, for an escape, the correct rule of damages is the debt, and costs on the execution, and interest.

These two last cases proceeded on the ground, that the uniform practice had been such ; and that it was not too rigorous a rule, but one beneficial to the public.

These were cases of *executions* ; but where has there been such a rule in relation to mesne process ? An execution is said to be the end of the law. The plaintiff's damages are settled ; he ought not to be compelled further to litigate. The sheriff is not permitted to return that he cannot do execution ; but he may return a rescue on mesne process. The plaintiff may permit a person arrested on mesne process to escape ; so may the sheriff ; each may take him on the execution ; but not so with an escape from execution.

*New-London,*
July, 1832.

Clark
*v.*
Smith.

For these reasons, I think a new trial must be granted.

The other Judges were of the same opinion.

New trial to be granted.