## Chester M'Gee *versus* Isaac B. Barber.

An original writ was indorsed by I. B. B., who was not the plaintiff in the writ, and the defendant, having recovered judgment in the Common Pleas against the plaintiff for costs, sued out a writ of scire facias against I. B. B. to recover the same, in which it was alleged, by way of recital, that "I. C. B. indorsed the original writ in the said action." 1. B. B. was defaulted in the Common Pleas, and the case being brought up to this Court on a motion in arrest of judgment, because it was not averred that the indorsement was made by I. B. B., it was *held*, that the scire facias in such a case was so far a judicial writ, that it was competent for this Court to look at the record upon which it was founded, and the misrecital was considered to be a mere misprision of the clerk and the motion in arrest was overruled.

It is not necessary to allege that the defendant in the scire facias indorsed as agent or attorney, for the *St.* 1784, *c.* 28, § 11, having required that an original writ shall be indorsed by the plaintiff or by some agent or attorney, whoever indorses, not being the plaintiff, is presumed to indorse as agent or attorney.

Nor is it necessary to aver, that on the avoidance of the plaintiff in the original writ the indorser became liable, this being an inference of law.

Nor is it necessary to aver negatively, that the judgment against the plaintiff in the original writ has not been reversed.

It is necessary to aver, that such judgment has not been satisfied; and this is sufficiently stated by averring that the necessary measures (specifying them) have been taken to obtain satisfaction, and that they have proved unavailing.

It is not necessary to aver, that by force of any law of the commonwealth the indorser became liable, the statute being a general law and the liability being merely an inference of law.

It is not necessary to aver that the original writ was indorsed before service, for the allegation that it was indorsed, imports an indorsement, conformably to the statute, before service.

SCIRE facias. The writ alleges, that whereas M'Gee, at the Court of Common Pleas held at Greenfield in August, 1826, recovered judgment against Asahel Parmenter for the sum of $ 16·82, costs of suit in an action commenced and prosecuted by Parmenter as plaintiff against M'Gee as defendant ; and whereas three several writs of execution have issued against Parmenter, and have been returned wholly unsatisfied, all which appears of record ; and upon the last writ of execution, issued on October 11, 1827, Parmenter was committed to gaol and there detained until released by taking the poor debtor's oath, as appears of record, whereby M'Gee has been put to great expense, &c ; " and whereas also the said costs so recovered by the said M'Gee against the said Parmenter, and the said expenses and prison charges, so incurred as aforesaid, are yet wholly due and unpaid to the said M'Gee, and the said Par-

menter is unable to pay or satisfy the same, or any part thereof. And whereas also Isaac *C.* Barber, of Colerain aforesaid, esquire, indorsed the original writ, in the said action so commenced and prosecuted by the said Parmenter, against the said M'Gee, to wit, at &c. on &c., which said action was not supported by the said Parmenter, but judgment as aforesaid, in the same, was rendered for the said M'Gee; whereof the said M'Gee has made application for us to provide remedy for him in this behalf; now, to the end that justice may be done, we command you that you make known to the said Isaac *B.* Barber that he appear before our justices of our said Court of Common Pleas to be holden at Greenfield, &c., on &c., to show cause, if any he hath, wherefore the said M'Gee ought not to have his execution against him the said Isaac *B.*, as well for his costs, so as aforesaid recovered, as for the ex penses and prison charges so as aforesaid incurred by the said M'Gee," &c.

In the Court of Common Pleas judgment was given against Barber, upon a default; whereupon he moved in arrest of judgment for the following reasons :

1. Because, in the writ of scire facias, there is no allegation that Isaac *B.* Barber indorsed the original writ.

2. Because there is no allegation, that Isaac B. Barber indorsed the original writ, as agent or attorney of the plaintiff in the original writ, and thereby became liable on the avoidance or inability of the plaintiff in the original writ.

3. Because there is no averment, that the judgment against the plaintiff in the original suit, remains in full force and virtue, not annulled, reversed or satisfied.

4. Because it is not alleged, that Isaac B. Barber, by reason of indorsing the original writ, became liable to pay to the plaintiff the several sums, or either of them, mentioned in the scire facias, by virtue of any law of this commonwealth.

5. Because it does not appear, nor is it alleged in the scire facias, that any return has ever been made upon the execution, on which it is said that Parmenter was committed to gaol, by any officer duly authorized to execute the same, showing the avoidance or inability of Parmenter.

6 Because there is no averment, that Isaac B. Barber in

dorsed the original writ before the service thereof, or as agent or attorney of Parmenter, whereby he became liable to pay the costs in case of the avoidance and inability or insufficiency of Parmenter to pay the same.

Upon this motion the Court of Common Pleas ruled that the judgment be arrested ; to which ruling the plaintiff filed exceptions.

*R. C. Newcomb* and *H. G. Newcomb* cited, in support of the first exception, *Hemmenway* v. *Hickes*, 4 Pick. 497 ;— of the fourth exception, *Cole* v. *Smith*, 4 Johns. R. 193 ;— and of the fifth, *Ruggles* v. *Ives*, 6 Mass. R. 494.

*Wells* and *Alvord*, for the plaintiff, cited against the first exception, *Rowell* v. *Bruce*, 5 N. Hamp. R. 381 ; *Coleman* v. *Earle*, 1 Str. 228 ; *Anon.* 7 Dowl. & Ryl. 511 ; *Marsh* v. *Berry*, 7 Cowen, 344 ; *Gatehouse* v. *Row*, 5 Mod. 305 · S. C. 2 Salk. 663 ; *Shore* v. *Brown*, 1 Salk. 26 ;— and to the point, that the scire facias is a continuation of the original suit, and is amendable by the record, *Campbell* v. *Stiles*, 9 Mass. R. 217 ; *Burrell* v. *Burrell*, 10 Mass. R. 221 , *Young* v. *Hosmer*, 11 Mass. R. 89 ; *Atkins* v. *Sawyer*, 1 Pick. 351 ; *Musgrave* v. *Wharton*, Yelv. 218 ; S. C. Hob. 4 ; *Wright* v. *Nutt*, 1 T. R. 388 ; *M'Gill* v. *Perrigo*, 9 Johns. R. 259 ; *M'Rae* v. *Mattoon*, 13 Pick. 53 ; *Rex* v *Landaff*, 2 Str. 1011 ;— against the second exception, Steph. Pl. 398 ; 2 Wms's Saund. 305 *a*, note 13 ; Gould on Pl. 50, *c*. 3, § 6 ;— against the third, 1 Wms's Saund. 330, note 4 ; 2 Chit. Pl. (1st edit.) 182, note *q* ;— and against the fourth, Steph. Pl. 392 ; 1 Chit. Pl. (1st edit.) 219 ; 2 Chit. Pl. 274, note *c*.

SHAW C. J. delivered the opinion of the Court.  The principal question in this case arises from the averment in the scire facias, that the former writ was indorsed by Isaac C. Barber, when it appears that the defendant, Isaac B. Barber was sued in this writ as such indorser, and has been defaulted.

The question is not without difficulty ; and were this an original writ, it is doubtful whether it could be maintained ; but being a writ of scire facias, it is subject to some different considerations.

Originally a scire facias was a judicial writ; and it is so still, in its principal characteristics. It is so far a judicial writ, that it takes up a cause in which other proceedings have been had; it issues upon some existing record; and it must issue from the court in which such proceedings have been had, and where such record remains. A bail-bond, strictly speaking, is not a part of the record; but in our practice, where bail to the sheriff are, by force of the statute, held liable as bail above, the bail-bond performs the functions and stands in the place of a recognizance, and is therefore consistently enough made the foundation of a scire facias, as a recognizance.

The proceeding by scire facias against an indorser, is closely analogous to that against bail, the indorser being, by force of the statute, rendered liable for the plaintiff, in certain contingencies, as the bail is for the defendant.

The writ being regarded as a judicial writ, it is deemed to be the act of the court and its officers, and consists in all the introductory part, of a recital of the previous proceedings there appearing. If there is a misrecital in those proceedings, it is deemed to be the misprision of the clerk, and there being the record and proceedings to amend by, it is amendable as of course, as well after service as before. *Campbell* v. *Stiles*, 9 Mass. R. 217; *Young* v. *Hosmer*, 11 Mass. R. 89. By a scire facias the record and proceedings are referred to, and we think it is competent for the Court to look into the record and proceedings referred to and recited, to see if there be any misrecital; and in doing so, we find that the writ was actually indorsed by Isaac B. Barber, the defendant, so that the alleged averment, that it was indorsed by a person of another name than that of the defendant, is a mere misrecital. Being a mere misrecital in a judicial writ, it is to be deemed the misprision of the clerk, and amendable as of course, by order of the same court where it is pending; and in any other court, taking the whole together, the misrecital is corrected by the record, the truth sufficiently appears, and the misrecital will be deemed a mere error in form. On these grounds we think there is no sufficient reason to arrest the judgment, for this cause.

Several other causes in arrest of judgment were assigned, which may be briefly noticed.

The statute having required that an original writ shall be indorsed by the plaintiff, or by some agent or attorney, whoever indorses it must be presumed to indorse as agent or attorney, and would be estopped to deny his liability.   *Gilbert* v. *Nantucket Bank*, 5 Mass. R. 97.

That the indorser became liable on the avoidance of the plaintiff, is an inference of law from the facts, and needs not to be stated in terms.

We are not aware, that in a scire facias to enforce a judgment, it is necessary, although perhaps it is usual, to aver negatively, that the judgment has not been reversed.   It certainly would not be necessary or possible to prove such negative averment.   The presumption of law is, after a judgment rendered, that it remains in force, till the contrary is shown.   It is necessary to aver that it is not satisfied, because it is in that contingency only that the indorser is liable.   But we think that is sufficiently averred, by stating in the writ, that the necessary means were used for obtaining satisfaction, and that they have proved unavailing.   The averment is, that all the costs recovered by the defendant against the plaintiff in the original suit, together with the subsequent expenses, remain wholly unpaid.

It was not necessary, we think, to aver, that by force of any law of this commonwealth the indorser became liable ; the statute is a general law, to be taken notice of without being specially pleaded.   It is sufficient to aver the facts which bring the indorser within the operation of the statute, without stating in terms the liability, which is an inference of law.

It is averred that the execution was returned, and what proceedings were had upon it ; it was not necessary to set forth the officer's return, in terms, or to state the name of the returning officer.   The avoidance of the plaintiff was the material averment, and the return is the proper proof of that averment.

We think it was not necessary to aver, that the writ was indorsed before service.   The purpose of the indorsement is declared by the statute.   The writ could not be legally served

without an indorsement, and therefore the averment that it was indorsed, is to be considered as used technically, and to import, by legal intendment, that it was indorsed, conformably to the statute, before service.

*Exceptions sustained, and the motion in arrest of judgment overruled.*