Johnson, C. J., delivered the opinión of the court. It is contended by the plaintiffs in error that the court below erred in overruling their m’otion for anew trial. They object that the plain tiff did not make out such a case as to entitle him to a recovery. One of their grounds of objection, and the one upon which' they seem chiefly to rely, is, that he did not show that the defendant in the original action was in solvent circumstances, and able to pay the amount recovered against him. In an action against the sheriff for an escape on mesne process, the cause of action in the original suit, the issuing and delivery of the writ to the defendant,-' And the arrest and escape must be proved. There must be a debt due to the plaintiff, by the party arrested, at the time of the arrest. Alexander vs. Macauley, 4 T. R. 611. White vs. Jones, 5 Esp. 160: and the same cause of action must be proved, as the plaintiff has stated in his declaration. This is. the law in actions for escapes againsts sheriffs, and the same rule prevail in suits against constables. The first question is, upon whom does the onus lie? Does it devolve upon the plaintiff to show the ability of the defendant in the original action to pay the debt, or is it a mere right and privilege of the defendant to prove his inability to do so, in mitigation of damages.. In Shackelford vs. Goodwin, 13 Mass. Rep. 187, which was an action against the sheriff for taking insufficient bail on mesne process, against one Kittridge, where the rule of damages is exactly the same as in case for an escape on such process, the judge directed the jury to allow the plaintiff the whole amount of the judgment in the original suit, with interest,.unless the defendant should prove beyond all doubt that Kittridge was a vagabond and worthless. On motion for a new. trial, the ..ourt said, in respect to that direction, “more doubt has been raised in our minds by the last objection. But here again, the benefit of the judgment to the whole amount of it, is to be presumed lost by the negligence of the officer. The defendant might have repelled this presumption and reduced the damages. But the evidence for this purpose must be suggested and produced on his part. It is not sufficient for him to say negatively, that it did not appear that the principal had property. More than this was necessary to raise a presumption.for him that the judgment was of no-value. Young vs. Hazemar, 11 Mass. R. 89. Also, i'n the case of Kellogg vs. Monroe, 9 John. R. 300, which was an action on a jail bond for the escape of the defendant from the limits, he being on the limits under a committitur, upon the application of his bail, the defendant here proved that the original defendant had no other property than a cow, worth 16 dollars, and the judge directed the jury to find that amount for the plaintiff, which they did. On motion for a new trial on the ground-that nominal damages only should have been assessed, the court said, that the plaintiff could recover more than nominal damages was too plain for discussion. He is entitled, prima facie, to recover his whole debt, which is presumed to be lost by the escape; and it could only have been reduced down to the sum found by the verdict, upon the evidence given, that if the party had not escaped, there was no ground to consider that any greater sum could'have been recovered by the coercion of confinement. The case of Godefroy vs. Jay, 5 Moore & Paine 284, is also a case strong in point. In that case Godefroy had been sued by one Dubois for negligently driving a gig over his child; and he retained lay,,an attorney, to defend, who did not even interpose the general issue. Judgment of £30 10s. passed, therefore, by default, which Godefroy paid, with £5 sheriff’s fees. In an action against the attorney for this negligence, there being no proof by the plaintiff that he was not guilty to the full amount recovered, Tindall, C. J., who tried the -cause, recommended to the jury a verdict for only nominal damages. They, however, found for the plaintiff £45. Yet the court refused a new trial, and Chief Justice Tindall and Mr. Justice Alderson, both ground themselves on the idea that it lay with the defendant to reduce the damages by proving the guilt of his client. These cases, with many others, some of which hold a contrary doctrine, were collected together and carefully weighed and compared by Mr. Justice Cowen in the case of Patterson vs. Westervelt, 17 Wend. 545, ’46, ’47, and ’48; and after mature deliberation, it was his opinion that the onus lay upon the defendant. We have carefully reviewed all the cases which could have any analogy to the one before us, and from all the lights that they afford, we are forced to the same conclusion. We are, therefore, clearly of opinion that'this objection is not well taken. But the question still recurs, did the plaintiff make such a showing as would entitle him to a recovery? It is a familiar and well settled .principle of law that every allegation in the declaration, which is not denied by the defendant, stands as admitted upon the record. In this case the defendants interposed their four several pleas in bar of the action. In the first thejr positively deny the escape of the defendant in the original action. This is a direct response to a material allegation, and it being a negative plea, throws the onus upon the plaintiff. The three .other pleas ar.e affirmative, and set up matters which, if true, lie peculiarly within the knowledge of the defendants, and consequently the burthen of proof deyolved upon them. In this attitude of the pleadings, the proof of the plaintiff was narrowed down to the single fact of the escape. This he has established by the admissions qf the defendant, Faulkner himself. The defendants did not introduce any evidence to maintain the issues on their part, but wholly failed to make any proof whatever. We are therefore clearly of opinion that the verdict of the jury is fully warranted by tiro proof, ant] that the same ought not to be disturbed. Judgment affirmed.