### IN THE

## *Supreme Court of Errors*

#### OF THE

## STATE OF CONNECTICUT.

| 10 | 1 |
| 70 | 150 |

### CLARK *against* SMITH.

Where the admissions of a party are given in evidence against him, that party is entitled to call for the whole conversation, whether the additional declarations tend, or not, to explain, qualify, or give a meaning to the evidence first introduced.

In an action against an officer for neglect of duty in returning a writ of attachment, by him served on the chattels of the debtor, the rule of damages is the injury actually sustained by the default of the officer, and not the value of the property attached.

Therefore, where the defendant in such action introduced evidence to shew, that the plaintiff was informed of the failure of his attachment, and that the property attached remained in the same situation as before, and might then be attached; and that the plaintiff refused to attach such property, on the ground that the defendant had failed to do his duty, and the plaintiff meant to look to him; it was held, that such evidence was relevant, and proper to go to the jury on the point of damages.

And where it appeared, in such case, that part of the property attached was subsequently taken, by another creditor, so that it was lost to the plaintiff; it was held, that this would not entitle the plaintiff, without the exercise of due diligence to secure the residue, to recover the value of the whole in damages.

A NEW trial having been granted in this cause, (9 *Conn. Rep.* 380—388.) it was tried again at *New-London, September* term, 1832, before *Bissell*, J.

It was admitted, that *Lodowick Bill* was the deputy of the defendant; and that the plaintiff's writ was put into his hands

*New-London,*
*July, 1833.*

*Clark*
*v.*
*Smith.*

for service, as stated in the declaration. To prove that *Bill* had attached the property of *Crandall*, the plaintiff introduced one *Nathan Minard* as a witness, who testified, that in a conversation with *Bill*, he stated that he had served the attachment on such property, and that the reason why he did not return the writ, was, that he supposed it returnable to the county, instead of the city, court; and that he did not discover the mistake until after the return day. On his cross-examination, the witness further stated, that during the same conversation, *Bill* told him, that as soon as he discovered the mistake, he went to the plaintiff and informed him of it, and that the property attached remained in the same situation as when the attachment was served, and might then be secured; that he requested the plaintiff to take out a new writ, and suffer him to reattach the property, which the plaintiff refused to do; that he then requested the plaintiff to permit him (*Bill*) to take out a writ in the plaintiff's name, that he might reattach the property, for his own security, which the plaintiff also refused to do. To the admission of the evidence so given by the witness on his cross-examination, the plaintiff objected, on the ground that it was irrelevant, and also on the ground that if relevant, the facts could not be proved by the declarations of *Bill*. The court decided, that such evidence was relevant, and that the defendant was entitled to the whole conversation testified to, by the witness, on his direct examination. Consequently, the evidence was admitted.

The defendant introduced as a witness one *Smith*, who testified, that soon after the service of the attachment, he had a conversation with the plaintiff, who stated to him, that his writ had failed, and that the property secured thereby was then at liberty; and that, upon being enquired of, by the witness, why he did not attach the property again, he answered, that the officer had failed to do his duty, and that he should look to him. The plaintiff objected to the admission of this evidence; but the court admitted it.

Before the plaintiff commenced the suit against *Crandall*, the debtor had absconded, leaving no other property than that attached in such suit. After the service of the plaintiff's attachment, and on the same day, a part of the property so attached was levied on, by *Hezekiah Goddard*, another creditor of *Crandall*, and was afterwards sold, on the execution, for about 100 dollars.

The plaintiff insisted, that he was not bound to attach the property again ; and that the defendant was liable for the full value of all the property attached. The plaintiff further contended, that if under any circumstances, his claim would be cut off, by neglecting to attach again, yet it would not be impaired, by his neglecting to attach the remaining part of the property, after the service of *Goddard's* attachment ; and prayed the court so to instruct the jury. The court instructed the jury, that the defendant was liable only for the damages, which the plaintiff had sustained, by reason of the officer's neglect ; and that if they should find, that the plaintiff was informed, that the attachment had failed, and that the whole, or any part, of the property so attached, was then in the same situation as when the attachment was served, and might then have been attached again, and secured to the plaintiff, by the use of ordinary diligence, the defendant was not liable for the value of such property.

The jury returned a verdict for the defendant, pursuant to the charge ; and the plaintiff moved for a new trial, for error in the admission of evidence, and for a mis-direction.

*Strong*, in support of the motion, contended, 1. That the declarations of *Bill*, which came out on the cross-examination of the witness *Minard*, and those testified to, by *Smith*, were *irrelevant*, as they related to what took place after the liability of the defendant was fixed.

2. That the medium of proof was an improper one. *Bill* was the real defendant—the party in interest. He could not make evidence for himself. After the plaintiff had proved his admissions against himself, the defendant had a right to call for the whole conversation, that the jury might rightly understand those admissions ; or, in other words, to guard against any perversion resulting from a partial statement ; but not as evidence of independent facts in favour of the party making the declarations. *Ives* v. *Bartholomew*, 9 *Conn. Rep.* 309. *Stewart* v. *Sherman*, 5 *Conn. Rep.* 244. 246.

3. That the charge was incorrect. The plaintiff had done all that the law required of him. If the officer had done his duty, there would have been no occasion for a second suit. His default onerated the plaintiff with no new duty. If so, the plaintiff might be compelled to bring suit after suit indefinitely.

New-London,
July, 1833.

Clark
v.
Smith.

*New-London,*
*July, 1833.*

*Clark*
*v.*
*Smith.*

In this view of the case, it is not necessary to discuss the rule of damages generally. Admitting that the damages may be less than the debt, and less than the value of the property attached, the facts put to the jury afforded no ground of mitigation.

*Goddard* and *Waite,* contra, contended, 1. That the testimony given by *Minard,* on his cross-examination, was *relevant.* It was material to shew, that the plaintiff had notice of the mistake, and might have secured the property, if he would.

2. That the testimony given by *Smith,* was properly admitted. It was material to shew what damages the plaintiff had sustained.

3. That if the testimony of *Minard,* on his cross-examination, was relevant, it was not otherwise exceptionable. It related to a single conversation with *Bill.* It was optional with the plaintiff to make evidence of that conversation, or not. If he chose to prove any part of it, the defendant was entitled to call for the whole. 1 *Phill. Ev.* 84. 88. *Swift's Ev.* 132. 3 *Stark. Ev.* 1751. *The Queen's* case, 2 *Brod.* & *Bing.* 298. (6 *Serg.* & *Lowb.* 121.) The judge was not called upon to decide, and did not decide, what *effect* the evidence ought to have.

4. That the charge of the judge was correct. The plaintiff was entitled to recover all the damages he had sustained, and no more. If he neglected to secure the property of his debtor, after he was notified of the failure of his suit, the fault was his, and the defendant was not liable for the loss of that property. *Clark* v. *Smith,* 9 *Conn. Rep.* 380. 3 *Stark. Ev.* 1341. *Weld* v. *Bartlett,* 10 *Mass. Rep.* 470. *Young* v. *Hosmer,* 11 *Mass. Rep.* 89. *Russell* v. *Turner,* 7 *Johns. Rep.* 189. *Potter* v. *Lansing,* 1 *Johns. Rep.* 215. *Planck* v. *Anderson,* 5 *Term Rep.* 40.

BISSELL, J. A new trial is moved, in this case, on two grounds: 1. that evidence was improperly admitted; and 2. that the rule of damages laid down in the charge is incorrect.

1. It is contended, that the declarations of *Bill,* which were drawn from the witness *Minard,* upon his cross-examination, should not have been received in evidence.

*New. London,*
July, 1833.

Clark
*v.*
Smith.

The testimony is objected to, first, on the ground that it is ir-relevant. This objection is, manifestly, resolvable into that, which is made against the charge to the jury. If the rule of damages there laid down be correct, the testimony was clearly pertinent. The declarations of *Bill* and the testimony of *Smith* stand, in this respect, upon the same ground. Both were offered to affect the damages ; and both had a direct bear-ing upon the question submitted to the jury. It is unnecessa-ry, therefore, to pursue the objection further, in this place. If the charge can be vindicated, this objection must, of course, fail.

But it is objected further, that the facts, if relevant, were not proved through the right medium : that these were the declara-tions of the officer, for whose neglect a recovery is sought, and who is the real party to the action.

These declarations, clearly, could not have been proved, un-less the plaintiff had laid the foundation for their introduction, by his own course of examination. This, I think, he had done. For the purpose of proving the neglect, he sought to avail himself of the declarations of *Bill, as the admissions of the party.* This he had an undoubted right to do: and the only claim on the part of the defence, was, that the whole conversa-tion, at that time, should go to the jury. This claim, I sup-pose, not only to be reasonable, but in conformity to a well es-tablished rule of evidence. For there certainly is no principle better settled, than that where the confessions of a party are made use of against him, the whole must be taken together. If part of a statement be admitted, the whole must be admitted. 1 *Phill. Ev.* 79. *Swift's Ev.* 132. *Carver* v. *Tracy,* 3 *Johns. Rep.* 427. *Fenner* v. *Lewis,* 10 *Johns. Rep.* 38.

But it has been urged, that the only object of the rule, is, to obtain the full meaning of the party, and to prevent him from being misunderstood ; and that, inasmuch as the declarations of *Bill,* which came out upon the cross-examination of the wit-ness, were not necessary to explain, or give a meaning to that which preceded, they were not within the rule, and therefore, not admissible.

To this objection it might be sufficient to reply, that there is no authority for thus narrowing the rule ; and that so narrow-ed, it would be exceedingly embarrassing in practice. On the other hand, there is neither inconvenience nor danger in admit-

ting the whole conversation regarding the suit; leaving those declarations which a party makes in his own favour, to be weighed by the jury, under the direction of the court.

But this objection has been so entirely met, and answered, by a modern decision, that I may be pardoned for quoting from the opinion of all the judges of *England,* as delivered by the late lord *Tenderden :* " The conversations of a party to the suit, relative to the subject matter of the suit, are, in themselves, evidence against him in the suit; and, if a counsel chooses to ask a witness any thing which may have been said by an adverse party, the counsel for that party has a right to lay before the court the whole which was said, by his client, in the same conversation; not only so much as may explain or qualify the matter introduced upon the previous examination, but, even matter not properly connected with the part introduced upon the previous examination, provided only, that it relate to the subject matter of the suit; because it would not be just to take part of a conversation as evidence against a party, without giving to the party, at the same time, the benefit of the entire residue of what he said on the same occasion." *The Queen's* case, 2 *B. & B.* 298. 3 *Stark. Ev.* 1751.

2. The only remaining question arises upon the charge, was the rule of damages, given to the jury, correct ?

The basis of the charge, is, that the defendant is liable only for the damages, which the plaintiff has sustained, *by reason of the neglect of the officer.* The correctness of the principle here laid down, will hardly be questioned, when it is recollected, that it is substantially the same as that adopted by the statute; (*Stat. p.* 416.) and when it is further recollected, that the action is *case,* and for a *tort;* that the plaintiff's claim sounds in damages merely; and damages sustained by reason of the wrongful act or negligence of another.

These damages, it is, peculiarly, the duty of the jury to assess; and in so doing, they are not limited to any precise sum. They may give even more than the plaintiff's original debt. Where that debt has been lost, by the wilful misconduct or negligence of the officer, they may add to it the costs and charges of a second suit. And as the jury may give more than the debt, so they may give less. And if it should be found by them, that the failure of the officer to return the writ, was

owing to a mere mistake, in consequence of which the party *New-London,*<br>July, 1833.<br>―――――――<br>Clark<br>*v.*<br>Smith. had suffered nothing; they might give, and indeed, it would be their duty to give, only nominal damages. *Bonafous* v. *Walker*, 2 *Term Rep.* 126.   *Planck* v. *Anderson,* 5 *Term Rep.* 37.   1 *Saund.* 38. n. 2.   *Weld* v. *Bartlett,* 10 *Mass. Rep.* 470.   *Burrell* v. *Lithgow,* 2 *Mass. Rep.* 526.   See also 3 *Stark. Ev.* 1341. and the cases there cited.

It can only be necessary to add, that the principle of the charge, was directly asserted, by this Court, on a former hearing of this case.   9 *Conn. Rep.* 379.

But it is contended, that the charge goes further; and beyond the principle here established.

The jury were, indeed, told, that if they should find, that the plaintiff was notified of the failure of his attachment, and that the whole, or any part of the property attached, was then in the same situation, as when the attachment was levied, and might then have been attached, and secured to the plaintiff, by the use of ordinary diligence, the defendant was not liable for the value of such property.

The charge proceeds upon the ground, that upon the facts here stated, the property, if lost to the plaintiff, was lost, by his own neglect, and *not by reason of the neglect of the officer:* and it seems difficult to resist this conclusion, unless the principle is to be adopted, that in every case where the officer is in default, the creditor is obliged to no further diligence; but may fold his hands, and call upon the sheriff for the payment of his debt.

Now, the sheriff stands on no other or different ground, in this respect, than an attorney or any other agent.   An attorney is liable for all the damages sustained, by reason of his neglect; and so is the sheriff;—and beyond this neither the one, nor the other, is liable.——Suppose, then, an attorney be employed to collect a debt.   He misconceives his action, or commits some other mistake, in consequence of which the plaintiff is turned round.   May he, therefore, neglect, or obstinately refuse, to renew proceedings?   And if in consequence of such neglect or refusal, the debt is eventually lost, may he enforce payment of the attorney?   And can it be pretended, that in an action brought against the attorney for neglect, the amount of the debt would furnish the rule, and the only rule of damages?   Such a conclusion does violence to all our ideas of justice, as well as

*New-London,*
*July, 1833.*

Clark
*v.*
Smith.

to the established rules of law. For it may here be remarked, that neither the neglect of the officer, in the one case, nor of the attorney, in the other, has any effect upon the original debt. For that, the debtor still remains liable. And a recovery against the officer or the attorney, neither bars the action, nor diminishes the damages.

But it has been urged, that however the case might have been, had the property, when the notice was given, remained in the same situation as when it was first attached ; yet as a part of it had been removed, under *Goddard's* attachment, the plaintiff was under no obligation to proceed against the residue ; but might hold the sheriff responsible for the whole.

It surely cannot vary the principle, that a part of the property had been abstracted. It is enough that there was property, which could have been reached and secured, by an attachment. And whether it consisted in the whole, or in part, or not at all, of that formerly attached, can make no possible difference.— The plaintiff refused to procure an attachment to be issued for his own benefit, or to permit the officer to do so, for his security ; and all that is insisted upon in the charge, is, that the plaintiff shall not visit the consequences of his own obstinacy upon an honest, but mistaken officer.

The jury were directed to give damages commensurate with the loss sustained, by the officer's neglect. For aught that appears, they have done so ; and neither the principles of justice, nor any rule of law, demands of us, that we should interfere with their verdict.

The other Judges were of the same opinion.

New trial not to be granted.