DECEMBER TERM, 1857. 317

State, use of Goddard, vs. Baden, et al.

---

# State use of Charles Goddard *vs.* John R. Baden, and his sureties.

In an action of *debt* upon a sheriff's bond, for the *escape* of a debtor, who had been arrested under a *ca. sa.*, on a judgment, and committed to the custody of the sheriff, the latter may give in evidence, in *mitigation of damages*, the inability of the debtor to pay all his debts at the time of his commitment.

Appeal from the Circuit Court for Prince Georges county.

This is an action of *debt* brought on the 16th of October 1847, in the name of the State, for the use of the appellant, upon the official bond of the appellee, as sheriff.

The condition of the bond provides, among other things, that the sheriff shall "keep and detain in safe custody all and every person or persons committed to his custody, or by him taken in execution, or who shall be committed for want of bail, without suffering them, or any of them, to escape, or depart from his custody." The breach of this condition set out in the declaration, is for the *voluntary escape* of Osborn Sprigg, a debtor, who had been duly arrested on a *ca. sa.*, issued upon a judgment for $300, with interest and costs, which Goddard had previously recovered against said Sprigg, brought into court by the sheriff, and ordered by the court into the custody and safe keeping of the sheriff, on final commitment. The *pleas* were general performance, and a special plea that the plaintiff had filed his claim in the case of the insolvency of Sprigg, and claimed to participate in the disposition of his assets, in the hands of the trustee.

*Exception.* The case was submitted to the court upon an agreed statement of facts, in which it was admitted, that Sprigg was arrested on the *ca. sa.*, brought into court on the 1st of December 1846, and on that day, by order of the court, was finally committed to the custody and safe keeping of the sheriff, who, instead of confining him in the public jail of the county, without the consent and against the remonstrance of the plaintiff, appointed his (the sheriff's) room in a public tavern, as a place for the safe keeping of Sprigg, which room was not a part of the public jail or prison of the county, nor within prison walls and prison bounds; that Sprigg petitioned for the benefit of the insolvent laws, and obtained his personal discharge on the 2nd of December 1846, and after his commitment was never out of the company and presence of the sheriff or one of his deputies, while under said escape, until he obtained his personal discharge; that Sprigg at the time of issuing the *ca. sa.*, owed $10.000 or $12.000, and his assets at the time of his application amounted to about $2000, which went into the hands of his trustee in insolvency; that Goddard became a party to the proceedings in insolvency, by filing a short copy of his said judgment, for the purpose of receiving such dividend as might be thereon awarded to him, but up to

the present time has not received any thing by way of dividend, or otherwise, thereon, from the insolvent's estate or elsewhere. The questions submitted to the court on this statement of facts, are fully stated in the opinion of this court.

The court below, (CRAIN, J.,) instructed the jury, that on this statement of facts, if believed by them, the plaintiff was not entitled to recover, because the facts as stated do not constitute an escape for which the defendants are responsible. To this ruling the plaintiff excepted, and the verdict and judgment being in favor of the defendants, appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, and BARTOL, J.

*Daniel C. Digges* for the appellant, argued:

1st. That the default set up in the declaration, and admitted by the statement of facts, is covered by the terms of the bond sued on *ipsissimis verbis.* The statement of facts admits the *escape,* for it says, while *"under said escape,"* &c. That such acts on the part of the sheriff constitute an *escape,* for which the sheriff is liable in this form of action, is clearly settled by the case of *Jones vs. The State use of Orr,* 3 *H. & J.,* 559. See also 2 *Bac. Abr., Title, Escape in Civil Cases,* (*B.*) 3 *Comyn's Dig.,* 108, 492. 2 *Wilson,* 294, *Ravenscroft vs. Eyles. Hobart,* 202, *Balden vs. Temple.*

2nd. That, as confinement under final process is the only satisfaction the creditor has, the debtor's escape without the consent of the creditor, cannot prejudice him or extinguish his judgment; and the inability of a party to pay all his debts in full, is not allowable in this case in mitigation of damages, as the object for which the party was committed under final process, to the sheriff, to wit, to *coerce the payment,* was defeated by the sheriff's suffering the debtor *to escape.* 4 *Gill,* 29, *Harden vs. Campbell.* 2 *Mod.,* 136, *Basset vs. Salter.* 1 *Pet.,* 575, *United States vs. Stansbury, et al.* 5 *Pet.,* 369, *Tayloe vs. Thomson.* 2 *East.,* 243, *Blackburn vs. Stupart.* 5 *Johns.,* 364, *Yates vs. Van Rensselaer.*

*C. C. Magruder* and *Thomas G. Pratt* for the appellees, argued:

1st. The court below was of opinion, that the facts stated did not constitute an *escape,* for which the defendants were liable, and in this opinion we insist there was no error. 2 *Gill,* 62, *State use of Creecy, vs. Lawson. Watson on Sheriff,* 140 in 7 *Law Lib.,* 101. 3 *Coke,* 44, *Boyton's Case. Acts of* 1715, *ch.* 46, *sec.* 7. 1811, *ch.* 161, *sec.* 2. 1828, *ch.* 50.

2nd. That if the statement of facts constitute an escape, for which the defendants were responsible, still it was competent for the defendants to prove in mitigation of damages, that Sprigg was insolvent and unable to pay his debts, at the time he was committed to the custody of the sheriff. 2 *Gill,* 62, *State use of Creecy, vs. Lawson.*

3rd. That the plaintiff by filing his claim in the insolvent proceedings against Sprigg, waived and lost his right to maintain the suit upon the sheriff's bond. 4 *Md. Rep.,* 306, *Jones vs. Horsey, et al.*

LE GRAND, C. J., delivered the opinion of this court.

This case comes before us on a case stated. It is an action of debt on the official bond of Baden, formerly sheriff of Prince George's county. The facts may be thus briefly stated: In the year 1846, Charles Goddard, the *cestui que use,* sued out a *capias ad satisfaciendum* against Osborn Sprigg, against whom a judgment had been previously recovered; that on the return of the writ, Sprigg was committed to the custody of Baden, the sheriff, who, instead of lodging him in the jail of the county, confined him in the private room of the sheriff; that on the next day Sprigg applied for the benefit of the insolvent laws of the State, and obtained his personal discharge. This action is brought, in the name of the State, against the sheriff and his sureties, for a voluntary escape. On this statement three questions are propounded to the court. The language of the agreement is as follows: "That if the court should be of opinion, upon the foregoing statement, that the omission and failure of the said Baden, sheriff as aforesaid, to confine

the said Sprigg in the county jail, after he was finally committed under the *ca. sa.* on the prayer of the said *cestui que use*, is such a breach of his official duty as to render his bond liable therefor, that then a judgment shall be entered by the court in favor of the plaintiff, for the penalty of the bond sued on, to be released on payment of the judgment and costs mentioned in the plaintiff's declaration, with interest from the day therein stated in that behalf, *unless the court shall be of opinion that in this form of action, and on the above breach of duty, it is competent for the defendants to show, in mitigation of damages, the inability of the said Sprigg to pay all his debts due and owing at the time of his said commitment;* or unless the court shall be of opinion that the fact of the said *cestui que use* filing his said judgment before the auditor in insolvency is a waiver, or merger, or operates as an extinguishment of the right of the said *cestui que use* to resort to the official bond of said defendant, for said breach of duty; and if the court should entertain either one, or both, of the last opinions, then a judgment is to be entered in favor of the defendants, for their costs of suit," &c.

In the view we have of this case, we deem it only necessary to decide one of the questions, although we have carefully examined the authorities bearing on the others.

We are of opinion that it was competent, on the trial of the cause, to give in evidence, in mitigation of damages, the inability of Sprigg to pay all his debts at the time of his commitment. This, after full argument by counsel, and elaborate investigation by the court, was settled clearly in the case of *The State, use of Creecy, vs. Lawson, et al.*, 2 *Gill*, 63. In that case, on *page* 71, the learned judge, who delivered the opinion of the court, after stating the question, proceeds to show what was the common law applicable to such a case as this, according to which, he holds, *"it was competent for the defendant to offer such evidence for such purpose;"* he then adverts to the *Statutes of* 13*th Edward*, 1 *ch.* 11, and 1 *Richard*, 2, *ch.* 12, which gave an action of debt against a jailor, or sheriff, for an escape, and then goes on to show that the remedy employed in that case (which was the same as the one

41      v. 11.

in this) is not the one authorized by either of those *statutes*, but an action of debt on a bond, with a collateral condition, for the faithful discharge of official duties as sheriff; remarking, that although "the bond, it is true, is a statutory bond, but the remedy on the bond is the *common law remedy* of action of debt on a bond with a penalty."

That case, on the question to which it refers, we regard as conclusive of this one, and, therefore, affirm the judgment.

*Judgment affirmed.*