FRANKLIN COUNTY NATIONAL BANK *vs.* GEORGE A. KIMBALL.

Franklin. September 16, 1890. — October 24, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Attaching Creditor — Levy of Execution — Negligence of Officer — Damages.*

An attaching creditor, whose lien is lost through the negligence of an officer in levying execution, is not bound to waive his rights against him and take out another execution, in the absence of a request from the officer to do so, or of an offer of indemnity, but may recover from such officer the value of such lien.

CONTRACT, with a count in tort, against a sheriff, to recover for the negligence of his deputy in levying an execution. At the trial in the Superior Court, *Dewey*, J. ordered the jury to return a verdict for the plaintiff, and reported the case for the determination of this court. The facts appear in the opinion.

*G. Wells*, for the plaintiff.

*D. W. Bond*, (*S. O. Lamb* with him,) for the defendant.

W. ALLEN, J. This is an action against a sheriff for the neglect of his deputy properly to levy an execution on real estate. There were three successive attachments, on writs against one Beals, of two parcels of land subject to separate mortgages. The first attachment was in favor of one Nims, the second in favor of the plaintiff in this action, and the third in favor of one Allen. The plaintiff first obtained judgment, and seasonably delivered its execution to the officer, with instructions to levy it upon the property. The officer commenced the levy by giving notice of the sale of the equity of redemption in the lands, but the sale was adjourned from time to time until execution had issued in the Nims suit, and was finally adjourned to the time and place fixed for the sale on that execution. The executions were served by the same officer, and the Nims execution was satisfied by the sale of the equity of redemption in one parcel for the amount due on the execution. The officer then sold the equity in the other parcel to the plaintiff, for the amount due on its execution. The latter sale was void, either because it was made upon the Nims execution after it had been satisfied, or, if made upon the plaintiff's execution, because the notice of the sale on that execution was insufficient. Allen, the subsequent attaching creditor, afterwards recovered judgment, and sold the land on his execution; and the plaintiff took no title under the sale to it, and received nothing on its execution.

The report states that the defendant did not contend that it was shown that the plaintiff "had sustained any such relation to the transactions till after the sales on execution as would affect their right to recover"; and the real question argued was in regard to the rule of damages. It was agreed that the equity in the land was worth the amount for which it was struck off to the plaintiff, and the court directed a verdict for that sum. The defendant contends that the plaintiff had notice of the defect in

the levy, and an opportunity to satisfy the judgment by further proceedings upon it, under such circumstances that it is entitled to recover no more than the expense of such proceedings. The plaintiff's execution was dated December 16, 1884, the levy was on December 22 following, and the sales were on May 11, 1885.

It was a question whether the second sale was made under the Nims execution or under the plaintiff's. But that does not seem to be material. If the former, the sale was void because the execution was satisfied by the first sale; if the latter, it was void because the notice of the sale was not published as required by the statute. The attachment was lost, and no new sale or levy could be made under that execution. The execution was not returned by the officer until some time after the land had been sold on the Allen execution. The contention of the defendant is that the plaintiff, by failing to take out and cause to be levied on the land an alias execution, was guilty of negligence, and violated a duty it owed to him. What could the plaintiff have done? If the officer had returned the execution unsatisfied, it could have taken out an alias execution, or if the officer had returned the execution satisfied, the plaintiff might have obtained another execution on *scire facias* under the Pub. Sts. c. 172, § 53. As the execution had been levied, and was not returned, it could obtain an alias execution only by waiving the levy under the Pub. Sts. c. 172, § 52.

The question is not merely whether the plaintiff was under obligation to waive a levy which gave it title to the land, or its equivalent in value in a right of action against the defendant, but whether it was bound to do so of its own motion and at its own risk and expense, without any request of the officer or any offer of indemnity. No communication was made by the officer to the plaintiff in regard to the matter. It does not appear that there was anything in the deed to the plaintiff which would be notice to it that the sale was made on a satisfied execution, and the defendant must rely upon notice to the plaintiff by the subsequent attaching creditor, and an offer by him to waive his attachment in favor of the plaintiff. There was evidence that the attorney for the creditor, when he informed the attorney of the plaintiff, three or four months after the sale, that the sale was on the Nims execution, told him that his client would take

no advantage of that, and would not oppose anything that might be done to remedy the mistake. There was also evidence, that the attorney of the plaintiff believed that the sale was under the plaintiff's execution, and that he endeavored to find the executions and returns to verify the fact. When the returns were subsequently made, they showed that the sale was on the Nims execution; but the defendant contended, in the argument before us, that the evidence showed that a return that the sale was upon the plaintiff's execution would have been true. Assuming, however, that the plaintiff had notice that the sale was on a satisfied execution, and full assurance that the attachment in the Allen suit would be waived in its favor, neither was from the officer; there was no request by the latter for further proceedings, and no offer to co-operate in them with the plaintiff, or to indemnify it against the expense which might be incurred, or against other intervening claims; and it does not appear that there were not attachments and conveyances subsequent to the Allen attachment.

The defendant relies on *Clark* v. *Smith*, 10 Conn. 1. That was an action against an officer for neglecting to return a writ on which he had attached property. The officer testified that, as soon as he discovered his mistake, he informed the plaintiff of it, and that the property remained in the same situation as when attached, and might be taken, and requested the plaintiff to take out a new writ, and allow him again to attach the property, which the plaintiff refused to do; and that he then requested the plaintiff to allow him to take out a writ in the plaintiff's name, that he might attach the property for his own security, and the plaintiff refused. The court held that upon these facts the defendant was not liable for the value of the property. When the same case was before the court earlier, (*Clark* v. *Smith*, 9 Conn. 379,) a distinction was taken between mesne process and final process, and the court say, at page 387 : " The plaintiff is driven, at last, to this position, that the uniform decisions of the courts have been that the amount of the debt is the rule of damages in actions against officers for escapes, and neglecting to serve and return process. If this position had been confined to such neglect, or such escapes on final process, it perhaps might have been supported." If that case was rightly decided, it does not sustain the defendant's position in the case at bar.

We see no reason why the usual rule of damages in such actions should not apply in this case. The refusal to give the ruling requested, " If the attorney of the plaintiff was notified by the third attaching creditor of a defect or error in the proceedings which rendered the levy void, and which defect or error would prevent the estate from being held by such proceedings, and offered to consent to such further proceedings as would satisfy the plaintiff's said judgment, and said attorney declined to institute any further proceedings, the plaintiff cannot recover in this action any greater sum than the reasonable cost and expense of such additional proceedings," and the directions to the jury in regard to damages, were correct. See *Tyler* v. *Ulmer*, 12 Mass. 163 ; *Whitaker* v. *Sumner*, 7 Pick. 551, and 9 Pick. 308 ; *Sexton* v. *Nevers*, 20 Pick. 451.

*Judgment on the verdict.*