ABRAHAM ISENMAN *vs.* HENRY E. BURNELL.

Cumberland.    Opinion November 18, 1925.

*Where there is a variance between evidence and the declaration when an amendment
could have been made, if the question of a variance is not raised at the trial, it is too
late to raise it after judgment.*

*In an action against a deputy sheriff for wrongful release of an attachment, it
would be a useless formality to require the plaintiff to demand goods of an officer
which he knew the officer had already released.*

*In such cases proof of the negligent acts and the attachment of property of sufficient
value to discharge the debt when sold on execution and of the amount of the judgment
recovered makes out a prima facie case and damages to the amount of the judgment,
and the burden of showing facts in mitigation of damages rests on the defendant and
not on the plaintiff.*

In the instant case the mere fact the mortgagee, summoned as trustee in the origi-
nal suit, was discharged as trustee affords no ground for concluding that the
mortgage on the goods attached was valid or that the endorsement it was
given to secure had become absolute.

The proceedings under Chapter 162, Public Laws 1917, bear little analogy to
those under the ordinary trustee or garnishment process. Under this statute
the goods attached are in the hands of the principal defendant and mortgagor,
while under the ordinary trustee process the property sought to be attached
is alleged to be in the hands of the trustee.

If the attaching creditor loses his attachment against the goods in the hands of
the mortgagor, there is no ground on which the case can proceed against the
mortgagee; and a disclosure of the mortgagee's interest in property already
released from attachment and the lien thereby acquired lost could avail the
creditor nothing under this statute. The discharge of the mortgagee as trustee
in the original action followed the release of the attachment as a matter of
course and has no significance on the question of whether the mortgage was a
valid one or whether anything was due under it.

On exceptions. A suit brought against a deputy sheriff to recover
damages for releasing personal property from attachment without first
obtaining the bond prescribed by the statute. The case was heard
by the Justice presiding without a jury, all rights of exceptions
reserved. To the refusal to make certain rulings defendant excepted.
Exceptions overruled.

The case very fully appears in the opinion.

*Israel Bernstein and Joseph E. F. Connolly,* for plaintiff.

*Maurice E. Rosen,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, STURGIS, BARNES, JJ.

WILSON, C. J. An action to recover damages of a deputy sheriff for releasing personal property from attachment without first obtaining the bond prescribed by Sec. 79 of Chap. 86, R. S.

The declaration contains two counts,—the first alleging the attachment and a wrongful and negligent release, no bond being given; the second count alleging the attachment and wrongful and negligent release and a failure to keep the property attached for thirty days after judgment, whereby the plaintiff lost his whole debt and costs.

The case was heard by the Justice presiding at *nisi prius* without a jury, with right of exceptions reserved.

The evidence shows, and the presiding Justice found as facts, that the plaintiff placed in the hands of the defendant a valid writ of attachment in favor of the plaintiff against one Filler on which the defendant as a deputy sheriff was commanded to attach Filler's stock of goods. The defendant made the attachment and placed a keeper in charge, and summoned certain alleged mortgagees of the goods attached as trustees under Chapter 162, Public Laws, 1917.

It further appears that, without the consent of the plaintiff, the defendant accepted a bond in which the mortgagees alone were named as principals, and released the attachment. The plaintiff subsequently recovered judgment in the action against Filler, including costs, for seven hundred and sixty-seven dollars and eighty-five cents on which judgment and execution was issued and returned in no part satisfied, the defendant Filler having left the country, leaving no property behind him liable to seizure on execution.

The mortgagees named as trustees in the original suit appeared at the return term and filed a disclosure showing a mortgage on the stock of goods and fixtures of the defendant Filler as security to save the mortgagees harmless from any liability as indorsers or guarantors of notes of Filler, on which notes at the time of the attachment there was a liability of not exceeding twenty-six hundred dollars. It does not appear from the disclosures or evidence, however, that such liability was other than contingent.

At a later term, the trustees so named were defaulted. The default was thereafterward stricken off by order of court, as improvidently made, and the trustees were then discharged.

The defendant in the case now at bar made the following requested ruling:

(1) That upon all the evidence, the plaintiff is not entitled to recover.

(2) That upon all the evidence, if the plaintiff is entitled to recover at all, he is not entitled to recover more than nominal damages.

(3) That the burden of proof throughout is on the plaintiff.

(4) That the burden of proving that damages were sustained by the plaintiff is on the plaintiff.

(5) That the measure of damages is what the plaintiff might have realized upon the sale on execution of the goods attached on the writ of *Isenman* v. *Hyman L. Filler*.

(6) That the finding of the Superior Court for Cumberland County in the original action of *Isenman* v. *Filler* and Robinson and Siegal mortgagees and trustees, discharging the trustees upon the disclosure by them filed and in evidence in this case, is *res adjudicata* in this suit, and that the plaintiffs are estopped to deny the validity of the mortgage in question given by Filler to Robinson and Siegal.

(7) If the goods attached by the defendant as deputy sheriff on the original writ of *Isenman* v. *Filler* and Robinson and Siegal, trustees, were mortgaged, the plaintiff would not be entitled to recover any more than the interest which the defendant Filler had in said attached property, and the burden of showing what that interest is, or was, at the time of the attachment is upon the plaintiff.

(8) That the burden of showing that the mortgage given by Filler to Robinson and Siegal was invalid or has been satisfied is on the plaintiff.

The Justice hearing the case refused to make the requested rulings numbered (1) and (2); but adopted the requested rulings numbered (3), (4), (5), (6), and also the requested ruling contained in the first part of (7). In effect, he also refused to rule that the burden was on the plaintiff of showing what the defendant Filler's interest was in the mortgaged property at the time of the attachment, or that the mortgage given by Filler to Robinson and Siegal was invalid or had been satisfied and held upon the evidence that

the plaintiff had established a prima facie case and awarded judgment for the plaintiff for the amount of his judgment and costs in the original suit.

To the several refusals to rule, the defendant excepted and the case is before this court on the defendant's bill of exceptions.

The defendant at the outset contends that the first requested ruling should have been made, inasmuch as the evidence does not sustain the allegation on the first count, that no bond was given; and that he cannot recover under the second count, because no demand was made on the officer within thirty days after judgment.

No contention appears to have been made at the trial below, when an amendment could, if necessary, have been made, that, since a bond was taken, though not conforming to the statute, the evidence did not support the first count. We think it is too late to raise this question now. In any event, the objection to the failure of the evidence to support the second count is untenable. The plaintiff was not obliged to go through the useless formality of ·demanding goods which the officer had released, and of which the evidence shows he never afterward took possession. *Townsend* v. *Libby*, 70 Maine, 162.

The defendant's requested ruling that the plaintiff could only recover nominal damages, if any, was properly refused. The true rule, as the court below held, at least where the negligence is not wilful, is that the plaintiff may recover the actual damages suffered by him through the officer's negligence. *Eaton* v. *Ogier*, 2 Maine, 46; *Ware* v. *Fowler*, 24 Maine, 183; *Dyer* v. *Woodbury*, 24 Maine, 546; *Shirk Ex rel* v. *Mullen*, 50 Ind., 598; *Sheldon* v. *Upham*, 14 R. I., 495; *Goddard* v. *Baden et al.*, 11 Md., 317.

The rule laid down by the Justice below as to the burden of proof is also approved. The burden is on the plaintiff to show the negligent act and the damages suffered, but proof of property attached of sufficient value to satisfy the judgment when sold on execution, of the negligent act of the officer by which an attachment lien is lost, and of the amount of the judgment recovered on the writ makes out a *prima facie* case and of damages to the amount of the judgment. The burden is then on the officer to produce such evidence as may exist in mitigation of the damages. *Sheldon* v. *Upham*, 14 R. I., 493; *Blodgett* v. *Town of Brattleboro*, 30 Vt., 579; *Patterson* v. *Westervelt*, 17 Wend., 543; *Brooks* v. *Hoyt*, 6 Pick., 468; *Danforth*

v. *Pratt*, 9 Cushing, 318; *Clark* v. *Smith*, 10 Conn., 1; *Whitney* v. *Wagener*, 84 Minn., 211; Sedgwick on Damages, 8th Ed., Vol. II., Sec. 545-548; 24 R. C. L., 933.

In the case at bar, the evidence shows an attachment of property valued by the officer, according to his testimony, and found by the court below to be fifteen hundred dollars and a wrongful, or unwarranted, release of the attachment, though the officer undoubtedly acted in good faith. Nothing else appearing, the plaintiff was entitled to judgment against the officer for the amount of his judgment in the original suit and cost.

It is urged by the defendant that the plaintiff did nothing to reduce the damages; that he made no effort to again attach the property when he learned that it had been released without a proper bond. Under the familiar rule that the injured party must use all reasonable efforts to reduce his damages, if it had been shown that the property was still subject to attachment when the plaintiff learned of its release, such a defense might have prevailed. *Blodgett* v. *Town of Brattleboro*, supra; *Clark* v. *Smith*, supra; but again, the burden is on the defendant to show that the plaintiff might thus have reduced his damages. Such neglect is not contributory negligence, but only goes to mitigate the damages. The burden of furnishing evidence negativing the former is on the plaintiff; but the burden of showing facts in mitigation rests on the defendant. *Crosby* v. *Plummer*, 111 Maine, 355.

It is further urged by the defendant in support of his exceptions, that the property being subject to a mortgage to indemnify the mortgagees against an obligation much larger than the value of the property attached, and the mortgagees having been discharged as trustees by order of the court on the original suit, it must follow that the mortgage was valid and there was nothing to which the plaintiff's lien by attachment could apply, and, therefore, he was not damaged by the release.

The plaintiff contends in answer to this, that (1) there was not sufficient evidence warranting a conclusion of fact that the mortgage covered the goods attached, and (2) that it does not appear that anything was due on the mortgage, both of which contentions were sustained by the court below.

It might well be questioned whether the evidence did not show that the mortgage in question covered the goods attached, but upon the

point that the evidence does not sustain the burden resting on the defendant to show that the plaintiff was not injured, because the contingent liability under the mortgage had not become absolute, the ruling of the court below must be upheld.

The mortgage admittedly was given to indemnify only against a contingent liability as indorsers. Whether the liability ever matured, or, if so, that it was not fully met, does not appear. It does not follow because the defendant Filler did not meet his obligations to the plaintiff, that he failed in his obligations to others.

The mere fact that the mortgagees were discharged in the Superior Court affords no ground for concluding either that the mortgage was valid or that the obligations under it had become absolute. The proceedings under Chapter 162, Public Laws 1917 bear little analogy to those under the ordinary trustee, or garnishment process. Under this statute, the goods attached are in possession of the mortgagor who is the principal defendant; the mortgagee is summoned in to disclose, not whether he has any property in his possession, but his interest in the property attached in the possession of the principal defendant.

If no goods were attached in the hands of the mortgagor or the property attached was for any reason released, there is no ground upon which the case could proceed against the mortgagee. If a bond was taken, the plaintiff relies on the bond. If for any reason the plaintiff has lost the lien acquired by his attachment, a disclosure of the mortgagee's interest in the property released could avail the plaintiff nothing under this statute.

The discharge of the mortgagees as trustees in the action against Filler, the attachment, having been released, followed as a matter of course. Not because there was anything due the mortgagees under their disclosure, but because no action could be taken under the statute affecting mortgaged property when the attachment has been released.

The defendant, therefore, having failed to sustain the burden upon him to overcome the plaintiff's prima facie case, his exceptions must be overruled.

*So ordered.*